## AVERY v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
November 1, 1927.

No. 5136.

1. **Internal revenue ⬦25—Court's jurisdiction to review decisions of Board of Tax Appeals is limited to errors of law (Revenue Act 1926, § 1003 [a], [b]).**

Under Revenue Act 1926, § 1003 (a), (b), 44 Stat. 110, jurisdiction of the Circuit Court of Appeals to review decisions of Board of Tax Appeals is limited to errors of law in board's decision, and is the same as it would be in reviewing a verdict of a jury on writ of error, if board has acted within its jurisdiction in considering case presented.

2. **Internal revenue ⬦7(17)—To secure deduction, worthless debts must be charged off in year they are or should be ascertained to be worthless (Revenue Act 1918).**

Income taxpayer, to secure deduction of worthless debts under Revenue Act 1918 (40 Stat. 1057), must charge off debts in the year they were ascertained to be worthless, and cannot close his eyes to the obvious, and carry worthless accounts on his books as good, and then deduct them in a subsequent year to the one in which he must be presumed to have ascertained their worthlessness; presumption being that one knows what a reasonable person ought to know from the facts brought to his attention.

3. **Internal revenue ⬦25—Taxpayer's honesty of belief in ascertaining and charging off worthless debts sought to be deducted is not binding on Board of Tax Appeals (Revenue Act 1918; Revenue Act 1924, § 900 [26 USCA §§ 1211–1222]).**

Under Revenue Act 1918 (40 Stat. 1057), and Revenue Act 1924, § 900 (26 USCA §§ 1211–1222 [Comp. St. § 6371⅝b]), it is the province of the Board of Tax Appeals to determine, on review of the circumstances, whether taxpayer knew or ought to have known worthlessness in a prior year of particular debt sought to be deducted as worthless, and taxpayer's honesty of belief in ascertaining and charging off the debt is not conclusive on the board, and, if taxpayer's knowledge of worthlessness of debt in prior year can be proved, its worthlessness cannot be said to have been ascertained in the subsequent year in which it was actually charged off.

4. **Internal revenue ⬦25—Board of Tax Appeals properly treated Internal Revenue Commissioner's decision as prima facie correct, and cast burden of disproving it on appellant.**

On appeal from decision of Commissioner of Internal Revenue in ascertaining amount deductible for worthless debts, Board of Tax Appeals properly treated Commissioner's finding as prima facie correct, and cast on taxpayer the burden of disproving it.

5. **Internal revenue ⬦25—On review of decision of Board of Tax Appeals, court cannot substitute its opinion on facts for that of board (Revenue Act 1924, § 900 [g], being 26 USCA § 1218; Revenue Act 1926, § 1003 [a], [b]).**

Rule that in trials at law, when different conclusions may be drawn by reasonable men from undisputed facts, the question presented is one for the jury, applies on review by Circuit Court of Appeals of decision of Board of Tax Appeals, and court is not at liberty to substitute its opinion for that of the board on the facts, even though it were disposed to do so, in view of Revenue Act 1924, § 900 (g), being 26 USCA § 1218 (Comp. St. § 6371⅝b), and Revenue Act 1926, § 1003 (a), (b), 44 Stat. 110.

Petition for Review of Decision of Board of Tax Appeals.

Petition by Thomas J. Avery against the Commissioner of Internal Revenue for re-

view of a decision of the United States Board of Tax Appeals. Affirmed.

Edgar Watkins, of Atlanta, Ga. (Mac Asbill and Edgar Watkins, Jr., both of Atlanta, Ga., on the brief), for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., A. W. Gregg, General Counsel, Bureau of Internal Revenue, and W. Frank Gibbs, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a petition for review of a decision of the United States Board of Tax Appeals.

Petitioner, Thomas J. Avery, an inhabitant of Georgia, in filing his income tax return for 1919, claimed as a deduction the sum of $36,567.28 for debts ascertained to be worthless and charged off during that taxable year. The Commissioner of Internal Revenue, respondent, allowed a deduction of only $1,841.26 and determined a deficiency of taxes amounting to $15,335.65. On appeal the board allowed an additional deduction of $392.96, determined that the other worthless accounts charged off in 1919 were not ascertained to be worthless during that year, found the deficiency in income tax to be $15,143.10, and entered an order accordingly.

The first question to be considered is our jurisdiction to review a decision of the Board of Tax Appeals. The board was created by title 9 of the Revenue Act of 1924 (26 USCA §§ 1211–1222 [Comp. St. § 6371-⅚b]), and taxpayers were given the right to appeal to the board from decisions of the Commissioner of Internal Revenue determining a deficiency of taxes. After an adverse decision by the board, the taxpayer had no further remedy than to pay the taxes and sue to recover them, the same as from an adverse decision of the Commissioner, and by the statute creating it (section 900 [g], being 26 USCA § 1218 [Comp. St. § 6371-⅚b]), the findings of the board were made prima facie evidence of the facts therein stated in any suit or proceeding by the taxpayer. The board was continued as an independent agency in the executive branch of the government by the Revenue Act of 1926, and by section 1003 of the said act (44 Stat. 110) the Circuit Courts of Appeals were given jurisdiction to review its decisions. Section 1003 reads as follows:

"Sec. 1003. (a) The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the board (except as provided in section 239 of the Judicial Code, as amended); and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 240 of the Judicial Code, as amended.

"(b) Upon such review, such courts shall have power to affirm or, if the decision of the board is not in accordance with law, to modify or to reverse the decision of the board, with or without remanding the case for a rehearing, as justice may require."

[1] It was undoubtedly the intention of Congress to create an independent board of experts to decide impartially between the government and the taxpayer, with the right to a final determination of the questions presented in a regularly constituted court before payment of the tax. It is consistent with that intention to say that it was not contemplated that the Courts of Appeals should be burdened with reviewing the mass of evidence usually submitted before a board charged with the duty of considering technical details.

It will be noted that the Courts of Appeals have jurisdiction to reverse a decision of the board if it is not in accordance with law. It is clear from the wording of the statute that the jurisdiction given to this court is to review only errors of law in a decision of the board, and the inquiry is limited the same as it would be in reviewing the verdict of a jury on a writ of error, if the board has acted within its jurisdiction in considering the case presented.

It is contended by petitioner that the evidence before the Commissioner and the board was undisputed, and that, having exercised an honest belief in ascertaining and charging off the debts sought to be deducted in the year 1919, both the Commissioner and the board were concluded by his judgment.

[2] The Revenue Act of 1918 (40 Stat. 1057), which applies to this case, permits a taxpayer, in computing net income, to deduct debts ascertained to be worthless and charged off within the taxable year. The reasonable interpretation of the law is that, in order to secure a deduction of worthless debts, they must be charged off in the year they are ascertained to be worthless. A man is presumed to know what a reasonable person ought to know from facts brought to his attention. A taxpayer should not be permitted to close his eyes to the obvious, and to carry accounts on his books as good when in fact they are worthless, and then deduct them

in a year subsequent to the one in which he must be presumed to have ascertained their worthlessness. To do so would enable him to withhold deductions in his less prosperous years, when they would have little effect in reducing his taxes, and then to apply the accumulation at another time to the detriment of the fisc. This would defeat the intent and purpose of the law.

[3.] Honesty of belief in the taxpayer is not conclusive, nor binding on the board. It is the province of the board to determine, on a review of all the facts and circumstances surrounding the particular debt sought to be deducted, whether the taxpayer knew or ought to have known its worthlessness in a prior year. If knowledge of the worthlessness of a debt sought to be deducted can thus be brought home to the taxpayer, it cannot be said that the worthlessness was ascertained in the subsequent year, when it is actually charged off.

[4] There was a full hearing before the board, at which the witnesses on behalf of petitioner were heard and much evidence was offered. It is not urged that any evidence was improperly received or excluded, but petitioner complains that the board treated the finding of the Commissioner as prima facie correct, and cast upon him the burden of disproving it. This is the well-settled rule, and it was not error for the board to apply it in this case.

[5] It is unnecessary to set out in full the findings of the board, or to review the facts appearing in the record. We have examined the transcript, and find ample evidence to sustain the decision according to the conclusions of the board. It is a familiar rule that in trials at law, when different conclusions may be drawn by reasonable men from undisputed facts, the question presented is one for the jury. Such is the case before us. We are not at liberty to substitute our opinion for that of the board on the facts shown on the record, even if we were disposed to do so.

Affirmed.