**WHEELING TILE CO. v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2684.

Internal revenue ⊷7(19)—Expenditure for oil-burning equipment, less its salvage value, proved to be complete loss in year purchased, held deductible as loss.

Amount expended for oil-burning equipment which, less amount equal to value of salvage, was proved to be a complete loss in same year because equipment failed to work satisfactorily, *held* deductible as loss for that year for income tax purposes, notwithstanding further futile attempts were made to make equipment effective.

Petition by the Wheeling Tile Company against the Commissioner of Internal Revenue for review of a decision of the United States Board of Tax Appeals. Reversed and remanded.

W. W. Booth, of Pittsburgh, Pa. (W. A. Seifert and Smith, Shaw & McClay, all of Pittsburgh, Pa., on the brief), for petitioner.

L. W. Scott, Atty. Bureau of Internal Revenue, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., and C. M. Charest, General Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

NORTHCOTT, Circuit Judge. This is a petition to review a decision of the United States Board of Tax Appeals. The Commissioner of Internal Revenue determined against the Wheeling Tile Company, a West Virginia corporation, a deduction from gross income for the year 1920, of the cost of certain equipment, amounting to $19,275.68.

The question involved is whether the taxpayer is entitled to treat as a loss in the year 1920 the amount paid by it for certain oil-burning equipment installed with the expectation that it could be used in place of its gas-burning equipment.

In the year 1920, the taxpayer operated a plant for the manufacture of floor tile and porcelain insulators in the city of Wheeling, W. Va. It was using gas as a fuel and experiencing difficulty with its gas supply, and, with the hope of finding a satisfactory fuel in oil, it expended the above sum in the purchase of an oil-burning plant or system. This new system was installed in some of its kilns in the latter part of that year and tried out. It was found to be unsatisfactory, and, while attempts were made to perfect it, from time to time, in the succeeding years, by using different appliances, the oil-burning system never worked satisfactorily. The evidence shows that the part of the system so installed that could have been salvaged was worth $3,000.

The amount thus expended was reported by the company as a loss incurred for the year 1920, but the Commissioner found against the taxpayer as to this item.

Appeal was taken from the decision of the Commissioner to the Board of Tax Appeals, which body affirmed the Commissioner's action.

It is contended on behalf of the Commissioner that the finding of the Board of Tax Appeals on questions of fact is not reviewable, and that the inquiry here is limited "the same as it would be in reviewing the verdict of a jury on a writ of error." Avery v. Commissioner (C. C. A.) 22 F. (2d) 6.

There is no dispute as to the facts, and, even if we consider the finding of the Board of Tax Appeals as we would the verdict of a jury on the facts, we are compelled to the conclusion that the Board is in error in sustaining the decision of the Commissioner.

The company expended the money in the year 1920, and the expenditure, less an amount equal to the value of the salvage, was proved to be a complete loss in the same year.

The case seems to us to be analogous to a deduction for worthless debts, in order to secure a deduction for which "they must be charged off in the year they are ascertained to be worthless." Avery v. Commissioner, supra.

The fact that further experiments were afterward made with a view to making the oil system effective, although to no purpose, does not prove that the expenditure was not a complete loss in the year it was made, and the new system shown by test not to be a success.

"* * * A loss may become complete enough for deduction without the taxpayer's establishing that there is no possibility of an eventual recoupment. * * * The

Taxing Act does not require the taxpayer to be an incorrigible optimist." U. S. v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120.

Again the case seems to be similar to that of a nonproducing oil or gas well, the cost of which is deductible "if and when" it is realized that the well is nonproducing. Even though it is possible that in after years the well may possibly, by deeper drilling, become a producing one, does not alter the fact that it is a loss.

We are clearly of the opinion that the petitioner should be allowed, as a loss for the year 1920, the amount expended for the useless equipment, $19,275.68, less the salvage value of $3,000. The decision of the Board of Tax Appeals is reversed, and the case is remanded for further proceedings in accordance with this opinion.

Reversed.