## JEFFERSON PLANTING & MFG. CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit. April 1, 1929.

No. 5485.

Samuel W. Ryniker, of New Orleans, La., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key and John G. Remey, Sp. Asst. Attys. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge. In making returns for income taxes for 1917 and 1918, petitioner, a Louisiana corporation, in computing its invested capital, sought to include as paid-in surplus the amount of $257,230.17, the difference between the price paid for a

sugar plantation in Louisiana in 1903 and what petitioner contends was its actual value at that time. The Commissioner of Internal Revenue refused to allow this item and determined deficiencies accordingly. On appeal the Board of Tax Appeals sustained the Commissioner. The findings of fact by the Board are as follows:

"In December 1902 E. Godfrey Robichaux purchased for $120,000 from the Willswood Planting and Refining Company a sugar plantation known as the Willswood Plantation consisting of 3700 acres of land with certain plantation improvements and a sugar factory of an estimated capacity of 800 tons, located about 10 miles from New Orleans, Louisiana. Thereafter, before the end of the year, he sold a ⅕ interest in the plantation to each of four other parties for $24,000 cash or a total of $96,000, retaining a ⅕ interest.

"In January, 1903, Robichaux and his associates formed the petitioner corporation, which was incorporated under the laws of Louisiana with a capital stock of $120,000. The incorporators then on January 21, 1903 transferred their interests in the Willswood Plantation to the petitioner for its stock amounting to $120,000 par value. In November, 1904 Robichaux and two of the stockholders bought the stock of the two other stockholders on the basis of $325 for each $100 originally invested."

There is no dispute as to the correctness of the above findings, but petitioner contends that the amount paid for the plantation did not represent its true value. Petitioner relies on the testimony of various witnesses which tends to show that the plantation was worth the value put upon it by petitioner, which evidence was apparently given no probative value by the Board.

It is logical to assume that a plantation is worth no more than is paid for it at a private sale. The fact that within a year thereafter stock of a par value of $100 was sold to other stockholders on a basis of $325 per share is not sufficient of itself to overturn the presumption as to value based on the purchase price.

The findings of fact by the Board support the judgment and are based on substantial evidence in the record. The conclusions of the Board as to the facts proven must be given effect although the evidence is conflicting. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277.

The petition is denied and the judgment of the Board is affirmed.