**F. G., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 4344.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 19, 1931.

Herbert Pope, of Chicago, Ill., and Benjamin M. Price, of Pittsburgh, Pa., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and John G. Remey and J. Louis Monarch, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS and SPARKS, Circuit Judges, and FITZHENRY, District Judge.

EVANS, Circuit Judge.

Petitioner, on this appeal, complained of the inclusion of $18,789.25 in its 1923 income tax. The facts, briefly stated, are: Petitioner participated with others in financing a subsidiary of the North American Light & Power Company, which company was engaged in consolidating various public utilities in Missouri. The agreement of the North American Light & Power Company and the bankers called for the organization of a holding company—Inland Power & Light Company—and for its issuance of $1,750,000 of 7 per cent. debentures secured in various ways, and among others by the deposit of $1,248,300 of par value of the common stock of the Illinois Traction Company. The bankers, by the agreement, purchased the $1,750,000 of debentures at "90 and interest." The provision of the agreement governing this purchase being important, it is herewith set forth:

"The North American Light & Power Company sells to the Bankers, and the Bankers agree to buy severally, but not jointly, the $1,750,000 of debentures above referred to in the amounts and to the extent set opposite the respective names, at 90 and interest, to date of delivery."

Petitioner purchased from the North American Light & Power Company $1,250,000 par value of these 7 per cent. five-year debenture bonds. About the same time, one of the other bankers wrote petitioner:

"In consideration of your execution of an agreement for purchase of debentures of Inland Power & Light Company of even date, we agree to deliver you 10% of all common stock of the same kind and in the same way and manner as the stock which is delivered by us to E. H. Rollins & Sons in connection with the reorganization and consolidation of Illinois Traction Company system."

Shortly thereafter, the North American Light & Power Company wrote petitioners:

"Herewith is delivered to you certificate No. 365 representing 20,000 shares of the Common Stock of the North American Light & Power Company, a Maine Corporation, issued in the name of Charles F. Glore. The par value of these shares is $5, and the total authorized issue issued and outstanding at the present time is 200,000 shares.

"This is so issued at your request and is delivered in harmony with a letter addressed to you under date of March 10, 1923, signed by Clement Studebaker, Jr. This stock is made available through contribution by

* * * owners of the Common Stock of the North American Light & Power Company."

There are two questions involved in the determination of this appeal: (a) Were the 20,000 shares of stock a commission for the purchase or negotiation of the $1,250,000 of 7 per cent. debenture bonds; or did petitioner buy the $1,250,000 of debenture bonds *and* the 20,000 shares of stock for 90 plus interest? (b) If the first question (a) be decided in favor of respondent, does the evidence show said stock to have been worth $10 per share in 1923?

■ (a) The rule, which necessitates acceptance of the Board of Tax Appeals' findings, if there be competent evidence to support them, is well recognized. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277. The instant appeal is one which calls for its application. Supporting the finding that the stock was delivered to the petitioner as a commission are the following facts: No mention of the stock was made in the written agreement, wherein the bonds were sold. The petitioner's books evidence a purchase of the bonds only. The figures and words fixing the price "90 and interest" appropriately refer to the 7 per cent. debentures but not to the stock. Letters from which quotations have been made suggest that the stock was a commission to the banker for services rendered in negotiating the sale of the debentures. In the face of these facts, we are unable to say that there was no evidence to support the findings of the Board of Tax Appeals.

(b) A closer question is presented by the second inquiry.

■ The Board of Tax Appeals found that the fair value of the stock thus turned over to the petitioner as commission was $10 a share. Petitioner asserted that the stock had only possibilities. If and when certain conditions arose, it would have a value. Otherwise it was valueless. Their argument, abbreviated, is, that value cannot be predicated on hopes; that possibilities may be used as "talking points" by bond salesmen, but they afford no basis for tax assessments.

If back of this stock valuation there was nothing but hopes of the promoters, we would readily accept petitioner's contention, for it is common knowledge that, from a sowing of hopes, the promoter and his customers often reap only a harvest of barren regrets.

There was, however, some evidence which showed the stock was not valueless. Some of it sold in 1923 for prices which ranged from $5 to $10 per share. The letter above quoted in part indicated the possibility of a 100 per cent. stock dividend. The contemplated arrangement for a voting trust and a close control of the stock carried, not only the suggestion of a possible future rise in the market value of the stock, but also an existing value at the time. The Board of Tax Appeals' conclusion from these facts is much strengthened by the failure of petitioner to produce evidence which would have been enlightening. Petitioner did not produce its balance sheet for 1923, although opportunity was afforded it so to do. In fact, we might say that the record showed it was invited to produce its balance sheet. Inferences arising from petitioner's failure to avail itself of this opportunity are decidedly unfavorable to the taxpayer's present contentions, for surely a taxpayer is not in an enviable position to assail an assessment when it fails to produce competent and persuasive proof of the facts within its possession upon which an intelligent assessment may be predicated.

The order of the Board of Tax Appeals is affirmed.