## HAMILTON CARHARTT COTTON MILLS V. COMMISSIONER OF INTERNAL REVENUE.

### No. 6154.

Circuit Court of Appeals, Fifth Circuit.

Feb. 22, 1932.

Granger Hansell and Clifford L. Anderson, both of Atlanta, Ga., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. M. Leinenkugel, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Petitioner, a South Carolina corporation, doing business at Atlanta, Ga., appealed to the Board of Tax Appeals from the determination by the Commissioner of Internal Revenue of a deficiency of $10,330.89, in income taxes, for the year 1923, resulting from the denial of a claim of affiliation with a corporation of the same name domiciled at Detroit, Mich. The board ruled against petitioner. 18 B. T. A. 1167. We may refer to the findings and opinion of the board for the facts in detail. Those material to the issues presented may be briefly stated.

From the facts found by the board, it appears that the Hamilton Carhartt Cotton Mills of Detroit, Mich., was engaged in the manufacture of overalls from cotton denim. It was a close family corporation, the stock of which was owned by Hamilton Carhartt and his two sons, Hamilton, Jr., and Wiley W. Petitioner was incorporated in 1913 as a subsidiary to do the same business, with identically the same name as the Detroit corporation and with an authorized capital stock of $100,000, divided into $60,000 of common and $40,000 of preferred shares. Of the common stock $30,000 was issued to the Detroit company in payment for money advanced and $4,700 of preferred stock was issued to a number of persons in small lots. No other stock was ever issued. E. R. Partridge was employed as manager of petitioner. On February 19, 1919, 60 shares of the stock held by the Detroit company were transferred to Partridge to be paid for out of earnings. At the same time the remaining 240 shares were transferred to Hamilton Carhartt, Jr., and thereafter he exercised rights of ownership over it. In the management of the company Partridge's stock was always voted in conformity with the Carhartt stock.

It is contended by petitioner that the corporations were affiliated and entitled to make a consolidated return under the provisions of section 240 of the Revenue Act of 1921 (42 Stat. 260), the pertinent part of which is as follows: "Sec. 240. * * * (c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

There was substantial evidence to support the findings of the board and we are not at liberty to disturb them. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289.

While the Detroit corporation did not own any stock in petitioner, we may assume

that 80 per cent. of the stock of petitioner was owned by the same interest as owned and controlled the stock of the Detroit company. No doubt Partridge at all times acted in harmony with those interests and they had control of both corporations. However, 80 per cent. was not substantially all the stock of petitioner and Partridge owned no stock at all in the Detroit company.

In order for two corporations to be affiliated within the meaning of the statute and entitled to file consolidated returns, it is necessary that substantially all the stock of both corporations be beneficially owned or legally controlled by the same interests. Control of the corporations and control of substantially all the stock by acquiescence of its true owner is not enough. Handy & Harman v. Burnet, Commissioner, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. ——.

The record presents no reversible error.

The petition is denied, and the judgment of the Board of Tax Appeals is affirmed.