F. Soto Gras, Plaintiff and Appellee, *v.* Manuel V. Dome-nech, Treasurer of Puerto Rico, Defendant and Appellant.

No. 6347.   Argued May 15, 1933.—Decided June 20, 1933.

*Charles E. Winter, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellant.   *J. P. Ortiz Alibrán* and *F. Soto Gras* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This was a motion to dismiss an appeal as frivolous. As a general rule, all the facts ought to be recited in the motion to dismiss and the essence of the law cited so that the Court would not have to resort to the record unless there

is a dispute over some fact raised by the appellant. The principal question, however, seemed to be simple and the essential facts were undisputed. So we have considered the motion.

It transpires that Mr. Soto Gras, the appellee, was a stockholder in the Nimaca Shoe Factory. The corporation was not proceeding very successfully and the appellee lent it $1,300 to help the company along. In the year 1927, the appellee made his income tax return to the Treasurer of Puerto Rico and at that time felt satisfied that the money the shoe factory owed him was worthless and likewise his shares of stock. The appellee considered and he had reason to believe that the Nimaca Shoe Factory was in fact insolvent. Therefore, he deducted the whole amount from his gross income. The matter came before the Treasurer of Puerto Rico not in 1927 but in 1929, and at that time, as a result of the liquidation of the company, the appellee had received a dividend in the sum of $402.52. The Treasurer maintains that the Nimaca Shoe Factory in 1927 was not insolvent and that no one knew this better than the appellee who was an officer of the corporation. The authorities cited by the Government tend to show that where a future dividend is to be expected from a company in liquidation, no deductions ought to be made until the final payment to the stockholders or creditors is made. We have the idea that there may be exceptional cases.

The court below rendered a judgment in favor of the appellee and in its opinion cited certain cases to support its decision.

The parties have not exhausted the jurisprudence, and the citation of authorities by the court does not entirely satisfy us. One of them, for example, *Avery* v. *Commissioner of Internal Revenue*, 22 F. (2d) 536, 55 A.L.R. 1277, refers rather than to anything else, to the year in which a bad debt

can be deducted. It does not decide, and the law seems to be to the contrary, that the opinion of the taxpayer is to be taken as final. Unquestionably, in the absence of other evidence, the position taken by the taxpayer should have some weight, but necessarily the Treasurer of Puerto Rico is not bound thereby.

It may be said parenthetically that in 1927 Mr. Soto Gras had a right to believe that his claims were totally desperate. Indeed, he insists that the balance to the stockholders and creditors was due to the efforts made by the receiver in compromising claims. Likewise that a subsequent dividend could and should have been returned as income.

The appellee maintained also that, in any event, he ought to have been entitled to deduct the difference between his claim and the $402.52 finally received, and we are inclined to believe that the Treasurer ought to have made deduction of this difference as he had all the documents and facts before him to show that there could be no further dividend. Hence, the rest of the appeal with respect to the amount in excess of $402.52 is necessarily frivolous. We have some question whether we would have the right to dismiss the whole appeal as frivolous while this matter of $402.52 remains pending. The course we shall pursue is similar to that followed by the courts in the United States when an excessive verdict has been rendered by a jury. The courts indicate to the appellee that if he will remit the excess the judgment will be affirmed. The analogy is not perhaps perfect but if the appellee will in this court abate the proportional part of the tax on $402.52 which is the only matter in dispute, the judgment will be modified so as to limit the recovery to the difference, and as the rest of the appeal is negligible or nugatory, the judgment, as modified, will be affirmed.