276

**F. SOTO GRAS, demandante y apelado, *v.* MANUEL V. DOMENECH, como TESORERO DE PUERTO RICO, demandado y apelante.**

No. 6347.—*Sometido:* Mayo 15, 1933. *Resuelto:* Junio 20, 1933.

*Hon. Procurador General Charles E. Winter* y *R. Cordovés Arana, Subprocurador,* abogados del apelante; *J. J. Ortiz Alibrán* y *F. Soto Gras,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

 Tenemos ante nos una moción para desestimar un recurso de apelación por frívolo. Por regla general, en la moción para desestimar deben hacerse constar todos los hechos y citarse la esencia de la ley de forma que el tribunal no tenga que acudir a los autos a menos que haya una disputa sobre algún hecho suscitada por el apelante. Empero, la cuestión principal parece ser simple y no hubo controversia sobre los hechos esenciales. De suerte que hemos considerado la moción.

 Aparece que el Sr. Soto Gras, el apelado, era accionista de la Nimaca Shoe Factory. La corporación no marchaba con bastante éxito y el apelado le prestó $1,300 para ayudarla. En el año 1927, el apelado presentó sus planillas de contribuciones sobre ingresos al Tesorero de Puerto Rico y en aquel entonces creyóse convencido de que el dinero que la fábrica de calzado le adeudaba no tenía valor alguno, al igual que las acciones por él poseídas. El apelado consideró, y tuvo razón para creer, que la Nimaca Shoe Factory era en realidad insolvente. Por tanto, dedujo el importe total de sus ingresos brutos. La cuestión fué ante el Tesorero de Puerto Rico, no en 1927, sino en 1929 y para aquel entonces, como resultado de la liquidación de la compañía, el apelado había recibido un dividendo de $402.52. El tesorero sostiene que la Nimaca Shoe Factory en 1927 no era insolvente, y que nadie sabía esto mejor que el apelado que era un funcionario de la corporación. Las autoridades citadas por el Gobierno tienden a demostrar que cuando ha de esperarse un dividendo futuro de una compañía en liquidación, no deben hacerse deducciones hasta que se efectúe el pago final a los accionistas o acreedores. Tenemos idea de que puede haber casos excepcionales.

La corte inferior dictó sentencia a favor del apelado y en su opinión citó ciertos casos en apoyo de su decisión.

 Las partes no han agotado la jurisprudencia y la cita de autoridades hecha por la corte inferior no nos satisface enteramente. Una de ellas, por ejemplo, *Avery* v. *Commis-*

*sioner of Internal Revenue,* 22 F. (2d) 536, 55 A.L.R. 1277, se refiere más bien que a otra cosa, al año en que una deuda mala puede ser deducida. No decide, y la ley parece ser en sentido contrario, que la opinión del contribuyente debe aceptarse como definitiva. Indudablemente en ausencia de otra prueba, la posición tomada por el contribuyente debe tener algún peso, pero el Tesorero de Puerto Rico no queda necesariamente obligado por ella.

Podría decirse de paso que en 1927 el Sr. Soto Gras tenía derecho a creer que sus créditos contra la compañía eran remotamente cobrables *(desperate)*. En realidad él insiste en que el saldo a favor de los accionistas y acreedores se debió a los esfuerzos hechos por el síndico al transigir reclamaciones. Asimismo insiste en que un dividendo posterior pudo y debió declararse como ingreso.

█ El apelado también sostuvo que de todos modos él debió haber tenido derecho a rebajar la diferencia entre su crédito y los $402.52 que finalmente recibió, y nos inclinamos a creer que el Tesorero debió haber deducido esa diferencia, ya que él tenía a la vista todos los hechos y documentos que demostraban que no podía haber nuevos dividendos. Por ende, el resto de la apelación en lo atinente a la suma en exceso de $402.52 es necesariamente frívolo. Tenemos algunas dudas acerca de si tendríamos el derecho a desestimar todo el recurso por frívolo mientras se halla pendiente esta cuestión de los $402.52. El curso que seguiremos es similar al seguido por las cortes de los Estados Unidos cuando un veredicto excesivo ha sido dictado por un jurado. Las cortes indican al apelado que si condona el exceso la sentencia será confirmada. La analogía quizás no es perfecta, pero si el apelado renuncia en esta corte a la parte proporcional de la contribución sobre los $402.52, que es la única cuestión en disputa, la sentencia será modificada a fin de limitar la suma a recobrar a la diferencia, y como el resto de la apelación es insignificante o nugatorio, la *sentencia, tal cual ha sido modificada, será confirmada.*