## LAURISTON INV. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8234.

Circuit Court of Appeals, Ninth Circuit.

April 5, 1937.

Frank D. Madison and Marshall P. Madison, both of San Francisco, Cal. (Pillsbury, Madison & Sutro, of San Francisco, Cal., of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Louise Foster, and Warren Wattles, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This case involves income tax for 1929 in the amount of $1,090.59, and appellant seeks to review findings of the Board of Tax Appeals entered March 31, 1934. The findings are conclusive if sustained by any substantial evidence. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; American Sav. Bank & Trust Co. v. Burnet (C.C.A.) 45 F. (2d) 548. The issue is whether the findings award was warranted that the debt deducted from the income tax return for 1929 was worthless that year or should, as the Board found, have been deducted prior to that time.

Section 23, Revenue Act of 1928, c. 852, 45 Stat. 791, 799, 26 U.S.C.A. § 23 and note, Deductions for Gross Income, provides:

"In computing net income there shall be allowed as deductions: * * *

"(j) Bad Debts. Debts ascertained to be worthless and charged off within the taxable year."

Treasury Regulations 74, promulgated under the Revenue Act of 1928, Art. 191, which have the force of law,[1] provides among other things:

"Where the surrounding circumstances indicate that a debt is worthless and un-collectible and that legal action to enforce payment would in all probability not result in the satisfaction of execution on a judgment, a showing of these facts will be sufficient evidence of the worthlessness of the debt for the purpose of deduction. * * *"

■ Honesty of belief of the taxpayer in the worth of an asset in charging the same off is not binding on the Board of Tax Appeals. Revenue Act 1924, § 900 (43 Stat. 336, 26 U.S.C.A. §§ 1211-1222 [Old Title]) ; Avery v. Commissioner of Internal Revenue (C.C.A.) 22 F.(2d) 6, 55 A.L.R. 1277.

■ Where the liabilities of the debtor are large and he has no available assets and such situation has continued for many years, even though during two or three times the debtor would recoup some funds or collateral, but applied none to liquidating any of his indebtedness and again lose same in new enterprises, the ultimate fact of worthlessness drawn from the probative facts is the function of the Board of Tax Appeals and the court is bound by such findings if there is any substantial evidence to sustain the findings. Randolph v. Commissioner, 76 F.(2d) 472 (C.C.A.8) ; Wilson v. Commissioner, 76 F.(2d) 476 (C.C.A.10) ; Avery v. Commissioner, 22 F.(2d) 6, 55 A. L.R. 1277 (C.C.A.5) ; American Savings Bank & Trust Co. v. Burnet, 45 F.(2d) 548, 549 (C.C.A.9) ; Winnett v. Helvering, 68 F.(2d) 614, 615 (C.C.A.9) ; Commissioner v. Auto Strop Safety Razor Co., 74 F. (2d) 226 (C.C.A.2) ; Beech v. Commissioner, 82 F.(2d) 42 (C.C.A.3) ; Commissioner v. Champion, 78 F.(2d) 513–515 (C.C.A.6) ; Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282–287, 54 S.Ct. 692–694, 78 L.Ed. 1260.

The instant debt, the finding states, was inaugurated in 1910 for $110,000, payable July 6, 1913, for the purpose of acquiring the stock and properties of the Western Steel Corporation. In 1912 this corporation, the debtor's sole asset, failed. At about this time judgment was entered against the debtor for $1,000,000. There was other indebtedness of the debtor. No payments were made upon the debt in issue. To avoid the bar of the statute of limitations suit was commenced against the debtor upon this claim in 1918. On July 27, 1918, after suit, a new note was executed for principal and interest for $163,930.07 and the suit dismissed and an agreement entered into that within one year the creditor would accept $26,649.75 in full for the note. This was not paid. Nothing was paid on the indebtedness and in 1927 suit was commenced by the holder of this note to avoid it being barred by the statute of limitations.

In 1918 it appears the debtor "suffered a nervous breakdown and went to Florida. For two years he was under the care of doctors." The debtor recovered his health largely, if not altogether. On September 23, 1918, the debtor wrote to the creditor with relation to this indebtedness and spoke of the judgment of $1,000,000 against him and of the instant indebtedness and stated with this all hanging over him that it was impossible to do anything and concluded the letter by saying:

"There are some good things in the country but I dare not touch them—In fact that judgment makes an absolute coward of me—and as I get older I become more cowardly—Now H. E. you understand the situation—Can you help change it?"

■ And in the letter suggested that something be done to satisfy the million dollar judgment which he said could be done for $100,000; that the holder had offered to take $75,000 in satisfaction from him some time before, but he could not do it. The only hope of the creditor for payment was a "strike" which would make returns sufficient to meet all his liabilities. The dynamic energy, the superior qualities and ability to achieve, to transform and to accomplish, which had been demonstrated by the accumulation of several million dollars, and loss thereof, as stated, and the nervous breakdown requiring the trip to Florida in search of health in 1918, and the confession that this indebtedness "makes an absolute

[1] Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; Maryland Cas. Co. v. U. S., 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297; Stegall v. Thurman (D.C.) 175 F. 813; Douglas County L. & W. Co. v. Com'r (C.C.A.) 43 F.(2d) 904; Williams v. Commissioner (C.C.A.) 44 F.(2d) 467; Francisco Sugar Co. v. Com'r (C.C.A.) 47 F.(2d) 555.

coward of me—and as I get older I become more cowardly," and the very large indebtedness; and the long period of time over which it extended without any payments of interest˙ or principal, or the exercise of any of the options to satisfy the two large claims of indebtedness for a low percentage thereof, was certainly sufficient to overcome hope and confidence in the confirmance of any value in this asset. Justice Stone in U. S. v. S. S. White Dental Mfg. Co., 274 U.S. 398, at page 403, 47 S.Ct. 598, 600, 71 L.Ed. 1120, said: "The taxing act does not require the taxpayer to be an incorrigible optimist."

The findings of the Board of Tax Appeals are amply sustained by the evidence.

Judgment affirmed.