**SANTA MONICA MOUNTAIN PARK CO., Limited, v. UNITED STATES.**

**No. 7368–Y.**

District Court, S. D. California, Central Division.

Aug. 17, 1937.

210

Claude I. Parker and Bayley Kohlmeier, both of Los Angeles, Cal., for plaintiff.

Peirson M. Hall, U. S. Atty., E. H. Mitchell, Sp. Asst. U. S. Atty., Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, and Alva C. Baird, Atty. for Bureau of Internal Revenue, all of Los Angeles, Cal.

YANKWICH, District Judge.

The plaintiff seeks to recover $148,500 income taxes for the taxable year 1927,

which it alleges were erroneously paid by it, and were illegally assessed and collected.

The question which calls for the determination is whether the Commissioner abused his discretion in refusing to allow a deduction of $1,100,000 for the year 1926 on account of the partial worthlessness of the bonds of the Minaret & Western Railroad Company, a subsidiary corporation, engaged chiefly in hauling lumber for another subsidiary, the Sugar Pine Lumber Company. Bonds of a face value of $2,-500,000 were purchased by the plaintiff in 1923, at a total cost of $2,425,000.

The plaintiff paid voluntarily its tax in 1928, in four installments. The claim for refund was made on June 13, 1931, and finally rejected on November 8, 1933.

Under the Revenue Act of 1926, § 234, 44 Stat. 41, a partially worthless debt of a corporation, when so ascertained during the taxable year, may be deducted if the Commissioner is *"satisfied"* that it is *"recoverable only in part."*

Thus there is *no absolute right* to the deduction in the taxpayer and *no corresponding duty* to allow it, as of course. A discretionary power is lodged in the Commissioner. Like all power of this character, it may be reviewed for abuse only—its arbitrary exercise or failure to exercise it.

To warrant a finding of arbitrariness, it is not enough that the Commissioner's denial be against the preponderance or the weight of the evidence. Courts will not assume to pass judgment on either, or to substitute their judgment upon the facts for that of the Commissioner. The decision must have no foundation in fact. United States v. Jefferson Electric Mfg. Company (1934) 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Rhode Island, etc., Co. v. Commissioner (C.C.A. 1, 1928) 29 F.(2d) 339; Stranahan v. Commissioner (C.C.A. 6, 1930) 42 F.(2d) 729; Ross v. Commissioner (C.C.A. 7, 1934) 72 F.(2d) 122; Olympia Harbor Lumber Co. v. Commissioner (C.C.A. 9, 1935) 79 F.(2d) 394.

Presumption of correctness attaches to the Commissioner's findings. The burden to show its lack of support in evidence (or its incorrectness in law) is on the taxpayer. Wagner v. Commissioner (C.C.A. 9, 1933) 63 F.(2d) 859. The Commissioner's decisions upon facts have been reversed by the courts only when the evidence was so conclusive against them that arbitrariness was obvious. Nor can he act without evidence. Tracy v. Commissioner (C.C.A. 6, 1931) 53 F.(2d) 575; Olympia Harbor Lumber Co. v. Commissioner, supra; Ross v. Commissioner, supra; American Savings Bank & Trust Co. v. Burnet (C.C.A. 9, 1930) 45 F.(2d) 548. In reviewing the Commissioner's decision upon a claim of deduction of this character, while we hear testimony, we do not, strictly speaking, hold a trial de novo. As in the case of other administrative tribunals, we sit as a reviewing court seeking to determine *not* whether the taxpayer's claim should be granted, but whether its denial was capricious or arbitrary. Tracy v. Commissioner, supra; Clark v. Commissioner (C.C.A. 3, 1936) 85 F.(2d) 622. Our aim being to indicate our conclusions only, we shall not review in detail the facts presented on the trial of this cause, most of which were also before the Commissioner. I am frank to say that, had the matter been before me, in the first instance, as a trial court, with the right to determine it upon the basis of the preponderance or weight of the evidence, I might have held that it would warrant the conclusion that the taxpayer had ascertained the partial worthlessness of the bonds in 1927, so as to entitle him to a deduction.

But this would not warrant a finding in favor of the plaintiff, in this action. See Tracy v. Commissioner, supra; Clark v. Commissioner, supra. We have no right to reverse the Commissioner because our conclusion upon the facts might be different from his. If we did, we would be exercising supervisory powers over him which we do not have. We can overturn his decision on facts only upon a showing that it is arbitrary or without foundation in law.

We think the Commissioner interpreted the law correctly when he held that, under the Revenue Act of 1926, both (1) an ascertainment of the debt and (2) a charge-off within the taxable year are necessary to the allowance of the deduction. These two conditions precedent applied alike to all deductions claimed for bad debts, *whether whole or partial.* See Paul & Mertens, Law of Federal Income Taxation (1934) §§ 28.26, 28.36; American Savings Bank & Trust Co. v. Burnet, supra; Commissioner v. Burdette (C.C.A. 9, 1934) 69 F.(2d) 410; Pacific National Bank of Seattle v. Commissioner (C.C.A. 9, 1937) 91 F.(2d) 103. And there is substantial factual basis for the Commissioner's

decision. We bear in mind that the claim of partial worthlessness of the bonds had its origin in the assertion that an expert cruise, early in 1927, led to the opinion that the Sugar Pine Lumber Company, the railroad's chief customer, did not have sufficient timber available on its lands—nor were other timber lands available in the neighborhood—to operate successfully. *The fact of the survey was not before the Commissioner.* And other facts bespoke against the finality of this conclusion, in its effect upon the officers of the plaintiff. *Thus:* The failure to write off the loss on the corporation's books in 1927, or within a reasonable time after, and to claim it as a deduction in the return for 1927. The fact that it was carried at its face value on the books of the corporation. The fact that the company paid a net income tax of $197,571.93 for 1927, and that in an application to the Interstate Commerce Commission in 1928, in conjunction with a refunding bond issue, the officers of the railroad company made the representation that its securities, including bonds and stocks, were not in excess of the fair value of the company's property. In 1927, the same company carried on its books as a current asset $274,500,000 due to it from the Sugar Pine Lumber Company. The unpaid interest on the bonds was listed on the books of the plaintiff as a current asset. The account due from the lumber company to the railway company was not treated as uncollectible. The business done by the railroad company in 1927 and thereafter with the lumber company showed no decline. The three companies were controlled by the same persons. Plaintiff's officers knew (or should have known) the affairs of all three. These and other facts of like import support the Commissioner's conclusion that the loss was not ascertained in 1927.

We think that the survey would not necessarily command a different conclusion. If its effect was the conviction that the logging venture was doomed to failure, the acts of those in charge of the plaintiff corporation did not show any determination, on their part, to act accordingly, *so far as the railroad was concerned.* Obviously, if they had reached the definite conviction that the logging venture was doomed to failure and with the railroad, *they would not have acted* on a contrary assumption, as if they were dealing with solvent concerns. *Yet this is exactly what they did.*

Nothing appears of a conclusion to the contrary, *so far as the railroad bonds are concerned,* until more than four years after, when the claim for refund was first made.

Because it found acts of this character on the part of the taxpayer and a delay and failure to make a seasonable charge-off, and claim of partial loss on railway bonds *for over four years,* the Court of Claims, recently (April 5, 1937) declined to see any abuse of discretion in the action of the Commissioner in disallowing a claim for refund. See McMillan v. United States (Ct.Cl.1937) 18 F.Supp. 853, 857.

▮▮▮▮ The inference from lack of action on the opinion of the lumber expert would warrant a conclusion that the men in control of all these three corporations, so interrelated through joint ownership, must have believed, despite the opinion of the lumber expert, that the possibility of making the venture successful still existed. Their acts would seem to indicate this. They may have had *doubts* or even been apprehensive as to the future. But, obviously, these did not amount to positive conviction warranting action. A doubtful claim is not necessarily a worthless claim. See American Savings Bank & Trust Co. v. Commissioner, supra. Having failed to act in accord with an assumption of partial worthlessness, they should not *now* be allowed to date back to the taxable year a conviction which did not become a reality until later. As said in Avery v. Commissioner (C.C.A. 5, 1927) 22 F.(2d) 6, 7-8, 55 A.L.R. 1277:

*"A man is presumed to know what a reasonable person ought to know from facts brought to his attention. A taxpayer should not be permitted to close his eyes to the obvious, and to carry accounts on his books as good when in fact they are worthless, and then deduct them in a year subsequent to the one in which he must be presumed to have ascertained their worthlessness.* To do so would enable him to withhold deductions in his less prosperous years, when they would have little effect in reducing his taxes, and then to apply the accumulation at another time to the detriment of the fisc. This would defeat the intent and purpose of the law.

"Honesty of belief in the taxpayer is not conclusive, nor binding on the board. It is the province of the board to determine, on a review of all the facts and circumstances.

surrounding the particular debt sought to be deducted, whether the taxpayer knew or ought to have known its worthlessness in a prior year." (Italics added.) And see Fairless v. Commissioner (C.C.A. 6, 1933) 67 F.(2d) 475, 477.

Had the fact of the survey been before the Commissioner, he could have drawn the same inference from it as he did from the others.

On the whole, we are satisfied that the decision of the Commissioner was not arbitrary. It was grounded upon substantial evidence and applied correctly the law to the facts found.

"It is a familiar rule that in trials at law, when *different conclusions may be drawn by reasonable men* from undisputed facts, the question presented is one for the jury. Such is the case before us. *We* are not at liberty *to substitute our opinion* for that *of the board on the facts shown on the record, even if we were disposed to do so.*" Avery v. Commissioner, supra, 22 F. (2d) 6, at page 8, 55 A.L.R. 1277.

Judgment for the defendant.