## CONNELLY v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7603.

Circuit Court of Appeals, Third Circuit.

June 23, 1941.

J. S. Seidman, of New York City, for petitioner.

Hubert L. Will, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Michael H. Cardozo, IV, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before MARIS, CLARK, and JONES, Circuit Judges.

JONES, Circuit Judge.

The petitioner deducted in his income tax return for 1934 a loss on account of certain bank stock which he alleges became worthless during the taxable year. The Commissioner disallowed the deduction [1] and assessed a deficiency tax accordingly. The Commissioner's notice of the assessment assigned, as the basis for his action, that the bank stock could not "be considered worthless as long as the assets held by the trustee are in process of liquidation and no identifiable event has occurred to show that the trust certificates received by the stockholders * * * are worthless" and that, as a consequence, any loss sustained by the stockholders upon final settlement by the liquidators "is not an allowable deduction in the year 1934". In short, the Commissioner disallowed the deduction for the year 1934 on the ground that the stock continued to have potential value throughout that year.

After hearing before the Board of Tax Appeals on the taxpayer's petition for a redetermination of the assessment, the Commissioner in a brief filed with the Board contended that the disallowance of the deduction for 1934 was correct because the loss had actually occurred in the year 1933, as shown by the evidence adduced at the hearing. The Board so found and sustained the assessment.

The taxpayer alleges (1) that the Board erred in concluding that the identifiable event which determined the worthlessness of the stock occurred in 1933 rather than in 1934 and (2) that, in any event, the Board could not properly sustain the assessment for a reason other than that assigned by the Commissioner when the assessment was made.

 The Board's express finding that the stock "became worthless during 1933" is conclusive as to that fact if there is substantial evidence to support it. See Foster v. Commissioner, 1 Cir., 112 F.2d 109, 113; Lauriston Investment Co. v. Commissioner, 9 Cir., 89 F.2d 327, 328; Avery v. Commissioner, 5 Cir., 22 F.2d 6, 7, 55 A.L.R. 1277. The only question of law before us in respect of the finding is whether the evidence in support of it is substantial. Rhodes v. Commissioner, 6 Cir., 100 F.2d 966, 969.

It is indisputable that, on the basis of a fair appraisal of the bank's assets, it was insolvent from April, 1933, onward. Being a state bank (Pennsylvania), it had been permitted under a local statute (Sordoni Act [2]) to reopen following the bank holiday on a restricted basis for periods of ninety days. The bank was not authorized, however, by the Pennsylvania statute to do business in the usual and ordinary course. Its activities were limited to a liquidation of its assets and to the receipt of new deposits, subject to their being segregated from the funds of the bank and secured one hundred per cent. by cash or United States Government bonds. By December 15, 1933, it had become clear to the bank's board of directors, one of whom was the petitioner, that all hope of reopening the bank as a going concern had vanished and that liquidation, with no prospect of return to the stockholders, was inescapable. Accordingly, on that day the board of directors, including the petitioner (who was well acquainted with the bank's affairs and its situation), adopted a plan of liquidation which was to become effective upon acceptance thereof by the holders of seventy-five per cent. of the bank's outstanding stock. The plan was sent out to the stockholders on December 22, 1933. By December 31 the holders of fifty per cent. of the bank's stock had approved the plan, and by January 9, 1934, the requisite seventy-five per cent. had approved. Under the plan of liquidation, remotely junior certificates of interest in the bank's assets were given to the stockholders. But, the Board found, and the evidence supports the finding, that it was known to the directors (including the petitioner) on December 15, when they adopted the plan, as well as later when the certificates were issued, that no salvage would materialize for the stockholders by reason of their ownership of the bank's stock.

 The Board of Tax Appeals concluded that the action taken on December 15, 1933, to wind up the bank with complete loss to the stockholders was the identifiable event which gave open expression to the

[1] The applicable statutory provision is Sec. 23 (e) (2) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Acts pages 671, 672, and the pertinent Treasury Regulation is Art. 23 (e)–1, Treasury Regulation 86, promulgated under the Revenue Act of 1934.

[2] Pennsylvania Act of March 8, 1933, P.L. 9, expired September 8, 1937, 7 P.S. §§ 284–288 note.

then evident fact that the bank stock was worthless. This permissible inference, as well as the direct facts, was for the Board. Palmer v. Commissioner, 302 U.S. 63, 70, 58 S.Ct. 67, 82 L.Ed. 50. Nor does the petitioner cite any rule of law from which it can be said that the Board's conclusion was error. It is true, as the petitioner argues, that it is the actuality rather than the imminence of loss which is the determinant (citing Burdan v. Commissioner, 3 Cir., 106 F.2d 207). But the loss in the instant case, after having been imminent from April 1933, became a recognized actuality on December 15, 1933, when it was so determined by formal action of the bank's board of directors. Thenceforth, the interests of the stockholders were neither to be enhanced nor diminished by whatever they did in respect of the plan of liquidation. The formal adoption of the plan by the stockholders took away from them nothing that was not already gone.

The petitioner urges that a taxpayer's determination, in the first instance, of the date of his loss should be accepted by the Commissioner "unless it appears from the facts that the taxpayer was clearly unreasonable and unfair at the time he was compelled to make his decision" (citing Rhodes v. Commissioner, 6 Cir., 100 F.2d 966, 969). But, the integrity of that very rule should have prompted the petitioner to claim the loss for the year 1933. And, the case of Olds & Whipple v. Commissioner, 2 Cir., 75 F.2d 272, from which the petitioner quotes, in reality supports the Board's decision. There the loss was held deductible for the year in which those in charge of the company's affairs no longer believed that they could work out the company's financial difficulties and the company's assets were then less than its liabilities. Such was the precise situation in 1933 with respect to the bank in the present case. Furthermore, in the Whipple case, the loss was held to be deductible for the year in which the interested parties decided to liquidate the company although the actual dissolution was not consummated until the following year when the board of directors voted on and approved the proposal to dissolve. In the instant case, the Board's finding that the bank stock became worthless in 1933 is supported by substantial evidence. Cf. Thompson v. Commissioner, 2 Cir., 115 F.2d 661.

There is no merit in the taxpayer's further contention that the Board of Tax Appeals may not sustain the disallowance of a deduction upon a basis of fact different from that asserted by the Commissioner in disallowing the deduction and assessing a deficiency tax. The contention entirely disregards the real issue which the taxpayer's petition placed before the Board and the attendant burden upon the taxpayer to establish a deductible loss Reinecke v. Spalding, 280 U.S. 227, 232, 233, 50 S.Ct. 96, 74 L.Ed. 385; Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991; Brown v. Helvering, 291 U.S. 193, 199, 54 S.Ct. 356, 78 L.Ed. 725. Specifically, the burden of proving that a loss on stock occurred in a particular year is upon the taxpayer. Foster v. Commissioner, 1 Cir., 112 F.2d 109, 113; Morton v. Commissioner, 7 Cir., 112 F.2d 320, 322; Eagleton v. Commissioner, 8 Cir., 97 F.2d 62, 64. Here, the taxpayer asserted a loss by reason of the determined worthlessness of his bank stock for the year 1934, and the inquiry before the Board was whether or not the loss had occurred in that year. The thing of fundamental importance is not what the Commissioner had originally asserted or later proved or contended, but what did the taxpayer do to meet his burden. It was for him to prove that the loss for which he claimed a deduction had occurred in 1934. This he failed to do. And, whether the loss occurred after 1934, as the Commissioner had originally asserted, or in 1933, as he later contended before the Board and as the Board properly found from the evidence before it, is immaterial to the question of the validity of the assessment. Certain it is that the loss did not occur in 1934. The Board therefore rightly sustained the deficiency assessment. Crowell v. Commissioner, 6 Cir., 62 F.2d 51, 53.

The decision of the Board of Tax Appeals is affirmed.