GENE CARR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carr v. Commissioner
Docket No. 4540-76.
United States Tax Court
T.C. Memo 1978-76; 1978 Tax Ct. Memo LEXIS 437; 37 T.C.M. (CCH) 370; T.C.M. (RIA) 780076; February 27, 1978, Filed *437 Gene Carr, pro se. Albert B. Kerkhove, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in the income tax of petitioner of $832.51 for the 1972 taxable year and $1,457.33 for the 1973 taxable year. The two issues for determination are: (1) the allocation of purchase price between the land and the building on each of two properties, and (2) the useful life of each building located on the two properties.
FINDINGS OF FACT Some of the facts have been stipulated.The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. When this petition was filed, petitioner resided at 900 South Country Club Road, Winner, South Dakota. Petitioner's Federal income tax returns for the 1972 and 1973 taxable years were filed with the Internal Revenue Service Center, Ogden, Utah. In preparing these returns, petitioner used the cash basis method of accounting. In 1971, petitioner acquired certain improved real property in Winner, South Dakota, for an initial cost of $55,000.00. In the warranty deed conveying the property to petitioner, $50,000.00 of the purchase *438 price was allocated to the building and $5,000.00 was allocated to the land. The building was approximately 53 years old. Petitioner spent $18,928.22 remodeling the building later that year. In determining the basis of the building for the purpose of depreciation in his 1972 and 1973 Federal income tax returns, petitioner allocated the entire purchase price ($55,000.00) to the building. The remaining useful life of the building was reported as 10 years. In 1973, petitioner acquired a second improved real property in Winner, South Dakota, for an initial cost of $57,500.00. That building was also approximately 53 years old. In the contract for deed, $54,000.00 was allocated to the building and $3,500.00 was allocated to the land. In his 1973 Federal income tax return, petitioner allocated $54,000.00 as the cost of the second building for purposes of depreciation in accordance with the allocation in the contract for deed. The building was reported as having a 10-year useful life. On his Federal income tax returns, the purchase price was allocated between the land and building on each of the real properties as follows: Purchase Date
Land
Building
Total
1971
0
$55,000
$55,000
1973
$3,500
$54,000
$57,500
*439 Respondent determined that the allocation should have been as follows: Purchase Date
Land
Building
Total
1971
$ 7,500
$47,500
$55,000
1973
$14,625
$42,875
$57,500
Respondent also determined that each building had a useful life of 25 years. OPINION In 1971 and 1973, petitioner purchased the two real properties. Petitioner allocated the entire purchase price of the property purchased in 1971 to the building. The purchase price of the property purchased in 1973 was allocated in accordance with his contract with the seller. In depreciating the buildings on his Federal income tax returns, petitioner used a 10-year useful life. In purchasing each of the real properties, petitioner did not consult with anyone in the real estate business. The seller of each of the two real properties was unconcerned with the allocation of the purchase price between the land and the building, but was concerned with the single price received for both the land and building. Respondent's allocation was based upon the county assessment records.
Petitioner, in support of his allocation, offered two letters setting forth the opinions of George Kappelman, a former *440 employee of the Farm Home Administration, and Robert T. Carr, manager of First Dakota Home Savings and Loan, with experience in appraising. Since neither of these persons was present for examination, respondent's objection to the admission of the letters was sustained. No other evidence was offered by petitioner in support of his allcation. A presumption of correctness attaches to the respondent's determination. Petitioner has the burden to present proof to show the error of that determination. Rule 142(a), Tax Court Rules of Practice and Procedure; Avery v. Commissioner,22 F.2d 6 (5th Cir. 1927); Scott v. Commissioner,61 T.C. 654 (1974). Petitioner has failed to meet the burden regarding respondent's allocation of the cost for the properties between the land and the buildings. Respondent's determination must be sustained. Walsh v. Commissioner,T.C. Memo. 1974-167. Petitioner's testimony concerning the physical condition of the properties has convinced the Court that the respondent's determination of a 25-year life for each building is excessive. Counsel for respondent appeared to concede this. Based upon the limited *441 proof, the Court concludes that the useful life of each building is not more than 20 years. Decision will be entered under Rule 155.