## AUSTIN v. HELVERING, Com'r of Internal Revenue.

### No. 6301.

United States Court of Appeals for the District of Columbia.

Argued Feb. 6, 1935.

Decided March 25, 1935.

Rehearing Denied April 24, 1935.

Camden R. McAtee, of Washington, D. C., for petitioner.

Robert H. Jackson, Owen W. Swecker, Frank J. Wideman, Sewall Key, and A. F. Prescott, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal involves federal income taxes for the calendar year 1924.

The taxpayer is the Merchants' & Farmers' State Bank of Elgin, Tex., a corporation organized in 1906 as a bank of deposit and discount, doing business in the state of Texas.

For the calendar year 1924, the bank filed its income tax return showing a tax liability of $334.39, and this amount was accordingly paid by the bank to the collector. When the return was examined the Commissioner of Internal Revenue determined a deficiency of $465.27. The bank appealed to the Board of Tax Appeals for a redetermination of the deficiency.

Before the appeal was heard by the Board of Tax Appeals the counsel for the respective parties agreed and stipulated that the asserted deficiency of $465.27 was incorrect, and that the correct amount of the deficiency was $123.97. Accordingly on December 26, 1926, an order to this effect was entered by the Board.

However, on December 3, 1926, while this stipulation was being arranged, the taxpayer bank, without the knowledge of counsel, was declared insolvent and was taken over by the banking commissioner of the state of Texas as statutory receiver for liquidation purposes. On June 28, 1927, the banking commissioner moved that the order of redetermination entered by the Board upon the stipulation of the parties as aforesaid be set aside, and that he be permitted to file an amended petition in the case and be heard with respect to the tax liability of the bank for the year 1924. An order to this effect was granted by the Board.

Thereupon the banking commissioner filed an answer in the case in which he alleged that an official examination made by him of the loan and discount register and other records of the bank for the calendar years 1922, 1923, and 1924 disclosed that in 1922 and 1923 the bank suffered a net loss of $20,142.75; and a net loss of $17,914.32 in the year 1924; and that these net losses in 1922 and 1923 were allowable as deductions in computing the statutory taxable net income of the corporation in 1924. He alleged that the income tax returns of the bank for 1922, 1923, and 1924 failed to disclose the losses as aforesaid and claimed that the returns should be recomputed and made to include such losses. He also alleged an error in the returns aforesaid in the sum of $672 by reason of failure to allow for depreciation on the bank building owned by the bank; also a failure to allow for $2,295.85 for depreciation on furniture and fixtures

owned by the bank; and a failure to allow for interest on the guaranty fund and assessments for same for prior years and for the year 1924; and also because of the elimination of a dividend of $5,000 declared but not paid by the bank. The banking commissioner claimed that the bank was not liable for any income tax whatever for the year 1924 and that the payment of $334.-39 which was made by it as aforesaid was in fact an overpayment and should be refunded.

The Commissioner of Internal Revenue thereupon admitted that the asserted deficiency of $123.97, like the prior asserted deficiency of $465.27, was erroneous, and that in fact no deficiency existed in the tax return of the bank for the year 1924. The question of deficiencies was thereby eliminated from the case before the Board, but the appeal was allowed to proceed upon the claim of the banking commissioner for the recovery of all or part of the tax originally paid by the bank for the calendar year 1924, to wit, the sum of $334.39. The issue was stated by counsel for the banking commissioner as a "case of a party prosecuting a counter claim after dismissal of the original demand against which the counter claim was asserted in defense."

The issue was heard upon testimony by the Board of Tax Appeals and a decision was entered against the taxpayer. Upon a review of the record we think this decision correct.

█ It is true that according to a readjustment made by a special liquidating agent of the banking department of the state of Texas in the year 1927 it appeared that in the years 1922 and 1923 the bank had suffered a net loss of $20,142.75 and in the year 1924 a net loss of $17,914.32, and that these losses were not reflected in the income tax returns of the bank for those years. It appears, however, that these losses arose in the making of injudicious loans by the officers of the bank in the course of the bank's business. Such loans were never charged off by the taxpayer nor claimed as losses in its income tax return for any of the years in question. It is contended by the banking commissioner that the loans, or many of them, were so palpably injudicious that they should not be considered as banking loans made in the course of the bank's business, but as a misappropriation, or misapplication, of the funds of the bank such as would constitute losses and be allowable as

deductions as such under Revenue Act of 1921 (42 Stat. 227) §. 234 (a) (4).

We have read with care the testimony upon this point contained in the record, and we agree with the conclusion of the Board that while the officers of the bank were guilty of gross mismanagement in the conduct of its affairs and made many injudicious loans, nevertheless, there is no evidence tending to show that such loans were made furtively or surreptitiously. All of them were regularly entered upon the books of the bank and were known to and approved by the bank's directors. Moreover, they were examined, together with the other records of the bank, each year by the state bank examiners, the banking commissioner being present part of the time. None of the items were determined to be worthless in 1922, 1923, or 1924, nor charged off, nor treated as closed and completed transactions in any of those years. See Regulations 62, article 141. Accordingly, the bad loans were not "losses" within the sense of section 234 (a) (4) of the Revenue Act of 1921, supra, but were "debts" under (5) of that act. Therefore, they may not be claimed as deductions unless they conform to the following requirements of the act:

"Sec. 234 (a). That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

As stated, the sums in question which were loans upon notes without proper security and afterward found to be uncollectible in whole or in part were debts and were not ascertained to be worthless within the taxable year either in whole or in part. Accordingly, the items cannot be treated as deductions in the taxable year of 1924. Spring City Foundry Co. v. Helvering, Commissioner of Internal Revenue, 292 U. S. 182, 54 S. Ct. 644, 78 L. Ed. 1200; Porter v. United States (C. C. A.) 27 F.(2d) 882, 884; Ledger Co. v. United States (Ct. Cl.) 37 F.(2d) 775.

As to the contentions relating to the depreciation of the bank building and furniture and fixtures of the bank, we agree

with the Board that no· sufficient evidence appears in the record to justify a reversal of the Commissioner in respect to these items. The income tax returns of the bank show that for each of the years in question the taxpayer took deductions upon its banking house, as well as its furniture and fixtures. These deductions were allowed by the Commissioner and no reason appears now for disturbing them.

As to the alleged dividend of $5,000 which was never paid, of which the banking commissioner makes mention, it may be said that the record does not disclose any connection between that transaction and the taxpayer's returns for the years in question.

It is claimed by the banking commissioner that the Board of Tax Appeals erred in refusing to admit in evidence the records of the Texas court which show the appointment of the commissioner and his proceedings and reports as approved by that court, relating to the condition of the bank and the value or lack of value of its securities. We think there was no error in this ruling of the Board, for the question involved in the present case was not before the Texas court for decision, nor was the Commissioner of Internal Revenue regularly a party to those proceedings. See Guaranty State Bank of Greenville, Texas v. Commissioner, 12 B. T. A. 543. The present issue therefore cannot be held to be res judicata by reason of the Texas case. Washington, Alexandria & Georgetown S. P. Co. v. Sickles, 24 How. 333, 16 L. Ed. 650; French & Co. v. Commissioner, 10 B. T. A. 665.

The decision of the Board of Tax Appeals is affirmed.