### FREEMAN–DENT–SULLIVAN CO. v. UNITED STATES.

#### No. 612.

District Court, M. D. Georgia, Macon Division.

Jan. 28, 1938.

Jones, Russell & Sparks, of Macon, Ga. (Scott Russell, of Macon, Ga., of counsel), for plaintiff.

Joseph M. Jones, Sp. Asst. to Atty. Gen., and T. Hoyt Davis, U. S. Atty., of Macon, Ga.

DEAVER, District Judge.

This is a suit to recover income taxes paid after deduction of the worthless portion of a debt was disallowed.

The Flint Fruit & Produce Company is a corporation, organized in 1928 and operating in Albany, Ga. All of its capital stock is owned by the plaintiff. The original capitalization of the Flint Fruit & Produce Company was $5,000, and no increase or decrease in capital stock has been made. Its officers are identical with those of the plaintiff, and draw no salaries.

The calendar year 1933 is the tax period involved in this case.

The operations of the Flint Fruit & Produce Company showed losses from 1928 to 1936, both inclusive, as follows:

| Year | Amount |
|------|--------|
| 1928 | $ 837.31 |
| 1929 | 2,895.91 |
| 1930 | 1,615.36 |
| 1931 | 5,503.95 |
| 1932 | 3,774.34 |
| 1933 | 2,259.38 |
| 1934 | 252.09 |
| 1935 | 178.53 |
| 1936 | 173.57 |

The net deficits of the Flint Fruit & Produce Company from the first year it showed a deficit through the year in question were as follows, as of December 31 of each year:

| Year | Amount |
|------|--------|
| 1930 | $ 348.58 |
| 1931 | 5,852.53 |
| 1932 | 9,626.87 |
| 1933 | 11,886.25 |

The assets, on which these deficits were calculated, were worth the full face value shown on the balance sheets.

The plaintiff was the only creditor of the Flint Fruit & Produce Company. The latter company had no outside creditors and sought no outside credit, and the charge-off of the portion of the debt due plaintiff did not affect the ability of the Flint Fruit & Produce Company to operate. Plaintiff sold to Flint Fruit & Produce Company all of the merchandise it bought, on open account. From 1928 through 1933, the balance due by the Flint Fruit & Produce Company to the plaintiff, as of December 31 of each of these years, was as follows:

| Year | Amount |
|------|--------|
| 1928 | $ 4,799.82 |
| 1929 | 9,309.73 |
| 1930 | 12,099.45 |
| 1931 | 15,283.91 |
| 1932 | 16,283.91 |
| 1933 | 17,905.05 |

In July, 1933, the plaintiff discovered that an employee of the Flint Fruit & Produce Company was short in his accounts in excess of $10,000. This gross shortage was made up of sums taken from year to year over a period of years. Upon the ascertainment of this shortage and before the complete result of plaintiff's operations could be known for the year 1933, the officers of the plaintiff reached the conclusion that only a portion of the debt due it by Flint Fruit & Produce Company was recoverable, and decided to charge off the amount of the indebtedness due to plaintiff by the Flint Fruit & Produce Company that was represented in invoices rendered on July 2, 1932, to December 31, 1932. The

charge-off was not actually made in July when the shortage was discovered, but was made before the close of business, December 31, 1933.

Throughout the life of the Flint Fruit & Produce Company plaintiff's officers kept a close check on its affairs by way of daily, monthly, and annual reports.

During the taxable year ending December 31, 1932, plaintiff did not give any consideration to the question of charging off, as a bad debt, any of the account of Flint Fruit & Produce Company, and did not consider the Flint Fruit & Produce Company account as a bad debt.

Continuously since 1933 up to the present time, plaintiff has continued to sell on open account to the Flint Fruit & Produce Company all of its merchandise.

During the years 1930, 1931, and 1932 plaintiff's income tax returns showed no tax liability.

The amount of the Flint Fruit & Produce Company's account charged off as bad is $10,800.

Plaintiff's income tax returns for the year ending December 31, 1933, with the charge-off of $10,800, showed a tax liability of $18.54.

The Commissioner of Internal Revenue disallowed the deduction as a bad debt on two grounds: (1) That it was a contribution to capital; and (2) that the financial position of the debtor corporation remained absolutely unchanged during the taxable year 1933. He made no finding that the part of the debt charged off was recoverable.

The part of the debt of the Flint Fruit & Produce Company charged off by plaintiff in 1933 was not recoverable.

■ The question of law made in this case calls for a construction of the following section of the Revenue Act of 1932:

"§ 23. *Deductions from gross income*

"In computing net income there shall be allowed as deductions: * * *

"(j) *Bad Debts.* Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction." 26 U.S.C.A. § 23(k) and note.

The question is whether, under that section, a taxpayer, in order to deduct the uncollectible part of a debt, must within the taxable year ascertain that such part is uncollectible as well as charge it off, or may he deduct such part, if charged off within the taxable year, though the uncollectibility of such part was not ascertained within the taxable year.

Prior to 1921, only totally worthless debts could be deducted (Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200), the deductible debts being: "Debts ascertained to be worthless and charged off within the taxable year."

In construing the language quoted, the court in Duffin v. Lucas, 6 Cir., 55 F.2d 786, 795, said: "There is no grammatical requirement that the clause 'within the taxable year' should limit 'ascertained' as well as 'charged off'; as a matter of precision in language, there is ambiguity; but the necessities of administration, the need of reflecting the income truly for distinct periods and the departmental regulations all justify the double limitation."

The Revenue Acts of 1921, § 234(a) (5) 42 Stat. 255; 1924, § 234(a) (5), 43 Stat. 284; 1926, § 234(a) (5), 44 Stat. 42; and 1928, § 23(j), 26 U.S.C.A. § 23 note, contained the following language: "Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

In Spring City Company Case, supra, at the top of page 187 of 292 U.S., 54 S.Ct. 644, 646, 78 L.Ed. 1200, the Supreme Court, in deciding that prior to 1921 the law did not permit deduction of the uncollectible part of a debt, said: "The right to charge off and deduct a portion of a debt where during the taxable year the debt was found to be recoverable only in part, was granted by the Revenue Act of 1921. By that act, section 234 (a) (5), 42 Stat. 254, was changed so as to read: 'Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.' We think that the fair import of this provision, as contrasted

with the earlier one, is that the Congress, recognizing the significance of the existing provision and its appropriate construction by the Treasury Department, deliberately intended a change in the law."

While that case was not dealing specifically with "time," yet from the use of the phrase "during the taxable year" and the reference to change in the law it would seem that in the mind of the court Congress intended to change the law by permitting the uncollectible portion of a debt to be charged off, and left the "time of ascertainment" unchanged.

The Revenue Acts of 1932, § 23(j), 26 U.S.C.A. § 23(k) and note; 1934, § 23k, 26 U.S.C.A. § 23(k); and 1936, § 23(k), 26 U.S.C.A. § 23(k) contained the following provision: "Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction."

That provision changed the time of charge-off but makes no change in the "time of ascertainment," so that, if ascertainment within the taxable year was required under Acts 1921–1928, the same is true under Acts of 1932–1936.

Under Act of 1921, partial worthlessness must have been ascertained during taxable year. Jones et al. v. Commissioner, 7 Cir., 38 F.2d 550; Motter, Collector, v. Wallace, 10 Cir., 72 F.2d 678. See Austin v. Helvering, 64 App.D.C. 250, 77 F.2d 373, 374.

In dealing with partial worthlessness under Act of 1926, the court, in Santa Monica Mountain Park Co. v. United States, D. C., 20 F.Supp. 209(9), held that both ascertainment and charge-off within taxable year were necessary. The same was decided in Johnson, Drake & Piper v. Helvering, Commissioner, 8 Cir., 69 F.2d 151, certiorari denied 292 U.S. 650, 54 S.Ct. 860, 78 L.Ed. 1500. Under Act of 1932, see Brown v. United States, D.C., 19 F.Supp. 825, 827.

In American Sav. Bank & Trust Co. v. Burnet, Commissioner, 9 Cir., 45 F.2d 548, the point was not made that part of a debt could not be deducted under Act of 1918 and the case proceeded as if a part could be deducted, and the court held that the deduction was not allowable because the partial worthlessness was ascertained in a year prior to the taxable year.

■ If taxpayer has reasonable expectation that any part of debt may be paid, he need not charge it off but may wait and charge the debt off in the year in which its total worthlessness is ascertained. Blair v. Commissioner, 2 Cir., 91 F.2d 992. See, also, American Cigarette & Cigar Co. v. Bowers, 2 Cir., 92 F.2d 596.

Treasury Regulation No. 77, promulgated under Revenue Act of 1932, is as follows:

"Art. 191. Bad Debts. Bad debts may be treated in either of two ways.

"(2) * * *

"Where all the surrounding and attending circumstances indicate that a debt is worthless, either wholly or in part, the amount which is worthless and charged off or written down to a nominal amount on the books of the taxpayer shall be allowed as a deduction in computing net income. There should accompany the return a statement showing the propriety of any deduction claimed for bad debts. No deduction shall be allowed for the part of a debt ascertained to be worthless and charged off prior to January 1, 1921, unless and until the debt is ascertained to be totally worthless and is finally charged off or is written down to a nominal amount, or the loss is determined in some other manner by a closed and completed transaction. Before a taxpayer may charge off and deduct a debt in part, he must ascertain and be able to demonstrate, with a reasonable degree of certainty, the amount thereof which is uncollectible. Any amount subsequently received on account of a bad debt or on account of a part of such debt previously charged off and allowed as a deduction for income tax purposes, must be included in gross income for the taxable year in which received. In determining whether a debt is worthless in whole or in part, the Commissioner will consider all pertinent evidence, including the value of the collateral, if any, securing the debt and the financial condition of the debtor. Partial deductions will be allowed with respect to specific debts only. * * *

"Where banks or other corporations which are subject to supervision by Federal authorities (or by State authorities maintaining substantially equivalent standards) in obedience to the specific orders, or in accordance with the general policy of such

supervisory officers, charge off debts in whole or in part, such debts shall, in the absence of affirmative evidence clearly establishing the contrary, be conclusively presumed, for income tax purposes, to be worthless or recoverable only in part, as the case may be."

(The last paragraph of the above article was amended by Treasury Decision 4633 to make the order of the bank examiner conclusive, instead of prima facie evidence of the worthlessness of a debt.)

That regulation recognizes that the part of a debt ascertained to be worthless and charged off prior to 1921, when no partial deductions were allowable, may be deducted in the year the debt is ascertained to be wholly worthless and charged off. Otherwise, the regulation does not deal with the "time of ascertainment."

The case of Citizens' Nat. Bank v. Commissioner, 4 Cir., 74 F.2d 604, 100 A.L.R. 699, held that a bank could deduct the amount written off by order of Examiner. That case deals with proof of partial worthlessness and says the order of the Examiner is sufficient proof. The case does not hold that, if such partial worthlessness had been ascertained by the bank in a prior year, it could nevertheless be deducted in the taxable year.

After that case was decided, Reg. 77 was amended by T. D. 4633, so as to make the Examiner's order conclusive of worthlessness. The "time of ascertainment" was still unaffected.

It was held in Lebanon Nat. Bank v. Commissioner, 3 Cir., 76 F.2d 792, that bank charging off parts of debt in prior years was not required to deduct such parts in those years but might deduct total loss in year in which Examiner required charge-off of debt as totally worthless. The presumption of total worthlessness, arising from the Examiner's order, was overcome in that case, and the court did allow a part charge-off, but apparently the point was not made that such parts could not be allowed as were ascertained to be worthless in prior years.

The case of Pacific Nat. Bank v. Commissioner, 9 Cir., 91 F.2d 103, dealing with deduction claimed in 1931, holds that order of Examiner raised rebuttable presumption of worthlessness. "Time of ascertainment" was not decided. That case distinguishes a bank case, American Sav. Bank & Trust Co. v. Burnet, Commissioner, 9 Cir., 45 F. 2d 548, on the ground that the debt in question was ascertained to be worthless in the year preceding the year in which it was charged off.

In G. C. M. 13114, issued in June, 1934, General Counsel of Bureau of Internal Revenue, held that under Acts of 1921 through 1928 it was necessary to ascertain partial worthlessness within the taxable year.

General Counsel, in G. C. M. 18525, uses the following language:

"The language of the statute relating to partially worthless debts does not require the taxpayer to claim such partial worthlessness as a deduction in any particular year.

"Where partial worthlessness of a debt has been so ascertained in a certain amount in one taxable year but no charge-off made or deduction allowed therefor in that taxable year, and during a subsequent taxable year the amount of such partial worthlessness is ascertained in accordance with Treasury Decision 4633 in a greater amount than the amount of such partial worthlessness ascertained during the preceding taxable year, such partial worthlessness may be allowed by the Commissioner in such subsequent taxable year in the greater amount ascertained and charged off in such later taxable year."

It is true the memorandum relates to bank cases, and the government contends that the rule discussed is applicable only in bank cases.

Plaintiff's contention, which seems sound, is that under the statute the "time of ascertainment" in bank cases is the same as in other cases. T. D. 4633 merely lays down a rule of evidence under which the direction to write off is conclusive of worthlessness. The statute makes no distinction between a bank's right to deduct a bad debt and any other corporation's right to deduct a similar debt. If one is entitled to it, the other is. A bank may prove one element of its right simply by showing that an Examiner ordered the charge-off. Other corporations have to prove their right by different evidence, but the right is identical. The time of ascertainment is the same in bank cases as in any other case. The rule as to time is the same, whether an Examiner orders the debt charged off or whether the bank voluntarily writes it off. The only difference is in the method of proof. The ultimate fact to be proved would be the same.

Therefore, whatever the law is as to the "time of ascertaining" partial worthlessness, it is the same in all cases, including bank cases. However, if G. C. M. 18525, means that partial worthlessness may be claimed in the taxable year, though ascertained in a prior year, it is out of harmony with otherwise consistent administrative constructions and court decisions and re-enactments by Congress in view of such constructions and decisions.

■ The law seems to fix the year as a distinct period for the purpose of taxation. Burnet, Commissioner, v. Sanford & Brooks Company, 282 U.S. 359(4), 51 S.Ct. 150, 75 L.Ed. 383; Duffin v. Lucas, 6 Cir., 55 F.2d 786, 795. As construed and administered, it requires that worthlessness, whether in whole or in part, must be ascertained within the taxable year. If that is true, then partial worthlessness falls within the decision in Avery v. Commissioner, 5 Cir., 22 F.2d 6, 55 A.L.R. 1277, which is as follows: "Income taxpayer, to secure deduction of worthless debts under Revenue Act 1918 (40 Stat. 1057), must charge off debts in the year they were ascertained to be worthless, and cannot close his eyes to the obvious, and carry worthless accounts on his books as good, and then deduct them in a subsequent year to the one in which he must be presumed to have ascertained their worthlessness; presumption being that one knows what a reasonable person ought to know from the facts brought to his attention."

The Commissioner in the case now on trial found that the financial position of debtor remained unchanged during 1933. Counsel for plaintiff, in his argument, construes that language to be a finding that the amount charged off was not in 1933 ascertained to be worthless.

In American Sav. Bank & Trust Co. v. Burnet, Commissioner, 9 Cir., 45 F.2d 548, 549, the court said: "It must be conceded that there was substantial evidence to support the ultimate finding of fact by the Board of Tax Appeals that the taxpayer in fact ascertained the debt to be worthless, in 1919, as to all in excess of 20 per cent. This finding of fact is binding upon this court under the construction of the statute (26 U.S.C.A. § 1226), giving this court jurisdiction to review the decisions of the Board of Tax Appeals."

Headnote (1) of that case is as follows: "Finding that taxpayer ascertained debt to be worthless in year prior to that in which deduction was sought held sustained by substantial evidence."

■ Commissioner's finding is presumptively correct. Welch v. Helvering, Commissioner, 290 U.S. 111(3), 54 S.Ct. 8, 78 L.Ed. 212.

■ A taxpayer, in determining deductions for bad debts, need not be an optimist or a pessimist, but must make reasonable investigation and draw reasonable inference from information thus obtainable. Clark v. Commissioner, 3 Cir., 85 F.2d 622 (3), 624.

Referring to the debtor corporation, plaintiff in its brief says: "It had shown a consistently unprofitable record. It would have taken an 'incorrigible optimist' to have denied the worthlessness of the part of the debt charged off. True, its condition was almost but not quite as bad at the end of 1932 and Plaintiff would not contend that an ascertainment of worthlessness, if made at that time, would not have been sustained. Plaintiff, in 1932, was almost an 'incorrigible optimist.'"

■ Under the evidence in this case, if the debt under consideration was partially worthless in 1933, it was, under facts known to the taxpayer, partially worthless prior to 1933. It follows that partial worthlessness should have been ascertained prior to 1933. In other words, it was not ascertained in the sense of the statute within the taxable year. In any event, there is substantial evidence to support the finding of the Commissioner that the part of the debt in question was not ascertained within the taxable year to be worthless.

Judgment for defendant will be entered.