## THOMPSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 28.

Circuit Court of Appeals, Second Circuit.

Nov. 12, 1940.

William Cogger, of Washington, D. C., and R. C. Allen, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and John A. Gage, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This petition brings up for review the sufficiency of the evidence in support of a finding by the Board of Tax Appeals, which sustained a like determination by the Commissioner, that certain shares of national bank stock owned by the petitioner became worthless in 1933 and not in 1934 as the petitioner claims. The deficiency which he is seeking to have redetermined resulted from the disallowance of a deduction he took in 1934 under the provisions of Sec. 23(e) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, Sec. 23(e), and T.R. 77; Art. 174 to the effect that the owner of stock in a corporation may, upon a satisfactory showing of its worthlessness, deduct its basis in the taxable year in which the stock becomes worthless.

The petitioner's mother gave him forty shares of the common stock of the Harriman National Bank and Trust Company in 1932. He held those shares throughout the period here involved. The bank was closed in March 1933 under the President's banking holiday proclamation and never reopened. On the thirteenth of that month a conservator was appointed. Twelve days later national bank examiners completed their examination of its condition and reported that its liabilities exceeded its assets by more than six and one-half million

dollars. In October of that year, it went into a receivership and liquidation was decided upon. In December of the same year, creditors were notified to present their claims to the receiver within three months. In connection with the liquidation which followed, an assessment of 100% was, on November 13, 1934, levied upon the stockholders of the bank.

There is, of course, only the question of whether or not there was substantial evidence before the Board to justify its finding that 1933 was the year in which the stock became worthless as that finding is prima facie correct, Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212, and is to be given effect unless the petitioner is able to show that it was made without adequate supporting evidence. If, certainly, it fairly appeared that the stock was worthless in 1933 that was enough to justify the Board in refusing to allow a deduction based upon a claim that it became worthless in 1934. Squier v. Commissioner, 2 Cir., 68 F.2d 25, 27.

We think the evidence was ample to support the Board's decision. The common stock of a corporation has no value when its assets fairly appraised are less than its liabilities except when there is a reasonable prospect of improved conditions which will bring about the reverse. That is a question which must be decided in each instance upon the peculiar circumstances shown. However, an excess of liabilities over assets in the substantial amount shown by the bank examiners' report in 1933 followed in the same year by the appointment of a receiver and the decision to liquidate left no fair basis for an expectation that the common stock of the bank would ever have any value. The Board's determination that it became worthless in 1933 was, accordingly, made with clear supporting evidence and, because it was, is to be accepted. Darling v. Commissioner, 4 Cir., 49 F.2d 111, 113; Phillips v. Commissioner, 283 U.S. 589, 600, 51 S.Ct. 608, 75 L.Ed. 1289. The decision to liquidate, in view of the apparent insolvent condition of the bank, was an unequivocal act taking place in 1933 which made it then practically certain that the common stock of the bank was worthless. Olds & Whipple v. Commissioner, 2 Cir., 75 F.2d 272; Gowen v. Commissioner, 6 Cir., 65 F.2d 923.

Affirmed.