**HUSTON v. UNITED STATES.**

Civ. A. No. 5570.

United States District Court
W. D. Pennsylvania.
April 16, 1951.

Michael J. Pugliese (of Pugliese, Troiano & Pugliese), Pittsburgh, Pa., for plaintiff.

Theron L. Caudle, Asst. Atty. Gen., Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action the taxpayer seeks to recover income tax alleged to have been assessed and collected improperly in the year 1941.

The denial of said deductions resulted in an assessed deficiency consisting of taxes of $1593.87 and interest of $235.83, a total of $1829.70, which the taxpayer paid and now asks for a refund of $1823.25. The difference in the amount paid and the amount which is asked for a refund is due to an error admitted by the taxpayer, as an item of income, which was subsequently adjusted and the tax paid.

An agreed statement of facts, with exhibits attached thereto, has been filed by both parties. In addition, the Court has taken judicial knowledge of the records in the re-organizaton and bankruptcy proceeding of the company in which plaintiff was a stockholder and officer.

The plaintiff was a stockholder and President of the Monat Valve and Forge Company. Said corporation was organized to manufacture valves which had been designed by one of its officers and principal stockholders. The company had, in fact, never produced valves in any quantity, most of its efforts being devoted to the improvement of valves which had been designed or in attempts to design and produce new or improved types. It became necessary on July 9, 1939 to file a petition for re-organization in this Court. The hope of the debtor corporation to reorganize rested on the belief that its interest in the patents and patent applications involving valves would become valuable when the valves were perfected.

In the re-organization proceeding it was concluded that:

(a) It was questionable whether the debtor corporation had any title whatsoever in the patents or patent applications, and as a result thereof the values were conjectural and not determinable. (At a public sale in bankruptcy the plaintiff purchased all interest in the patents for the amount of $150.00.)

(b) It was very doubtful whether the valves manufactured under the patents would be such an improvement over other valves then on the market as to be sold in competition at a fair profit.

(c) Even if developed, the value of the patents would be limited to their worth to some competing company which might desire to acquire title to avoid infringement actions, or to make some minor changes in the valves of a competing company.

During the year 1939, while the debtor corporation was in re-organization, the taxpayer advanced moneys, or, as he contends, made loans to the corporation as an attempt to prevent bankruptcy. Said moneys advanced consisted principally of payments made to individuals in connection with patent applications, wage claims, rent, court filing fees, notices, advertising, telephone calls, attorneys' fees, advances to an officer and director of the corporation for unspecified purposes, and fees and expenses advanced to the Secretary-Treasurer of said company. The total amount of said advances aggregated $2295.00.

The efforts to reorganize said company were ineffective. On December 6, 1940, the Special Master, appointed by the Court, recommended that an Order be entered adjudging the debtor corporation a bankrupt since no plan of re-organization could be formulated, the debtor being hopelessly insolvent. The matter was not presented to a member of this Court until January 24, 1941, on which date the debtor corporation was adjudged a bankrupt. (File No. 20649 in Bankruptcy.)

The report of the Special Master shows that after the payment of the costs and expense of the administration expenses, attorneys' fees, master fees, wage claims, taxes and partial payment on the rent, no funds exist for distribution to the general creditors.

The factual findings of a referee in bankruptcy or a special master are to be sustained unless such findings are clearly erroneous. In the matter of American Coils .Co., a corporation of the State of New Jersey, 3 Cir., 1951, 187 F.2d 384.

From an examination of the record, there is no clear error in the factual findings of the Special Master. Rather, there is sufficient credible evidence to support them.

In a bankruptcy proceeding, the object is to liquidate the assets of a bankrupt to pay off its creditors as quickly and inexpensively as possible, while the purpose of a re-organization proceeding is not liquidation and if re-organization is successful, the debtor corporation will continue to function, pay its creditors and carry on its business. Susquehanna Chemical Corporation v. Producers Bank & Trust Co., Bradford, Pa., 3 Cir., 174 F.2d 783.

The proceeding involves two questions:

1. Did advances, in the nature of loans, made by the taxpayer in the year 1939 to the corporation, of which he was a stockholder and an officer, become worthless and deductible in the year 1941 as bad debts under Section 23(k) of the Internal Revenue Code, 26 U.S.C.A. § 23(k)?

2. Did corporate stock owned by the taxpayer become worthless and deductible as a capital loss during the year 1941 under Section 23(g) of the Internal Revenue Code, 26 U.S.C.A. § 23(g)?

An income tax deduction is a matter of legislative grace and the burden of clearly showing the right to a claimed deduction is on the taxpayer. It is not enough that the taxpayer sustained a loss, but he must also show that such loss occurred in the taxable year in which the deduction is claimed. Interstate Transit Lines v. Commissioner of Internal Rev-

enue, 1943, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607.

Under the 1942 amendment, the Internal Revenue Statute relating to the deduction of worthless debts, an income taxpayer seeking to deduct a bad debt in 1941 must show that the debt became worthless in 1941, and if the debt became worthless prior or subsequent to 1941, the taxpayer will not be allowed a deduction for bad debts in 1941. Redman v. Commissioner of Internal Revnue, 1 Cir., 155 F.2d 319.

■ The determination of whether a loss was sustained in a particular tax year requires consideration of all pertinent facts and circumstances, regardless of their objective nature which is what the circumstances showed, or the subjective nature which is what the taxpayer believed.

The taxpayer's attitude and conduct, though not to be ignored, are not decisive. Boehm v. Commissioner of Internal Revenue, 1945, 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78; Reading Co. v. Commissioner of Internal Revenue, 3 Cir., 132 F.2d 306.

■ In other words, in determining whether a taxpayer is entitled to a bad debt or a stock deduction as worthless, for income tax purposes, all pertinent facts must be considered, regardless of their objective or subjective nature. Acheson v. Commissioner of Internal Revenue, 5 Cir., 155 F.2d 369.

### 1. Bad Debt Claim

Subsection (k)(1) of Section 23 permits the deduction of debts which become worthless within the taxable year.

The advances or loans made by the taxpayer in an effort to keep the company from bankruptcy were ineffective. In addition thereto, there was a deficit in the assets of the company in the latter part of 1940 of at least $10,000.00.

■ Where a taxpayer makes advances of money with the knowledge that the advances would never be repaid, and were not made under legal obligation, they cannot be deducted as ordinary and necessary business expenses in determining the taxpayer's taxable income. Reading

Co. v. Commissioner of Internal Revenue, supra.

■ A debt for federal tax purposes is an unconditional and legally enforceable obligation for the payment of money. Autenreith v. Commissioner of Internal Revenue, 3 Cir., 115 F.2d 856.

■ Where the surrounding circumstances indicate that a debt is worthless and uncollectible and that legal action to enforce payment would in all probability not result in the satisfaction of execution on the judgment, a showing of these facts will be sufficient evidence of the worthlessness of the debt for the purpose of deduction. Collector of Internal Revenue v. McKay Products Corp., 3 Cir., 178 F.2d 639.

■ The burden which the taxpayer bears to prove that the debt became worthless in a given year is successfully established only when he identifies a transaction occurring during the taxable year, which evidences the change and status of the debt or the debtor, which makes the debt worthless. United States v. S. S. White Dental Mfg. Co., 1927, 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120.

Having identified this transaction or event, the taxpayer must prove that during the taxable year which preceded it, the debt had value, and that before the end of the taxable year, during which the identifiable event occurred, the debt became worthless. Dunbar v. Commissioner of Internal Revenue, 7 Cir., 119 F.2d 367, 135 A.L.R. 1424.

■ The circumstances in this case clearly establish that the debtor corporation was hopelessly insolvent long before the year 1941. A declaration of bankruptcy was, therefore, not a prerequisite to the ascertainment of the fact of such insolvency. Friend v. Commissioner of Internal Revenue, 7 Cir., 119 F.2d 969.

I do not believe that the identifiable event in 1941, which indicated to the taxpayer that the debt ceased to have value, was the bankruptcy of the debtor corporation or that the advances made could be

considered as deductions for business expenses since they were not both necessary and ordinary.

## 2. Corporate Stock Losses

The claimed capital loss was upon the corporate stock of the Monat Valve and Forge Company. The taxpayer's 1941 return of income lists the loss as follows:

| Dates Acquired | Costs | Loss | Loss Percentage |
|---|---|---|---|
| 6/1/39 | $8,449.00 | $5,632.66 | 66–2/3% |
| 6/23/38 } 5/3/38 | 2,125.00 | 1,062.50 | 50% |

Subsection 23(g) of the Internal Revenue Code provides that securities which become worthless during the taxable year and are capital assets, the loss shall be considered on the last day of such taxable year.

 Corporation stock has no value when its assets fairly appraised are less than its liabilities, except when there is a reasonable prospect of improving conditions which will bring about the reverse. Thompson v. Commissioner of Internal Revenue, 2 Cir., 115 F.2d 661.

 A taxpayer must claim a stock loss deduction for the year in which the events are such, as to furnish convincing evidence that the stock has in fact become worthless in that year. In establishing the date of worthlessness, the taxpayer is aided by the rule that the date is to be fixed by identifiable events which form the basis of reasonable grounds for abandoning any hope for the future. Joyce v. Gentsch, 6 Cir., 141 F.2d 891.

 I believe that the last vestige of value in the stock and the loans made to the debtor corporation disappeared in the year 1940, and the contention that the taxpayer did not believe said items to be worthless until 1941 is not substantiated by the circumstances.

### Findings of Fact

1. The plaintiff, a resident of Luzerne Township, Brownsville, Washington County, Pennsylvania, claimed in his federal return of income for the calendar year 1941 two deductible items from gross income: One of $6,695.16 as a capital loss resulting from the ownership of corporate stock of the Monat Valve and Forge Company, a Michigan corporation, which plaintiff purchased in the years 1938 and 1939. The other item of $2,295 as a bad debt, the amount of which is claimed by the plaintiff to have been advanced in the nature of loans made to the Monat Valve and Forge Company between June 27, 1939 and October 20, 1939.

2. The deductions thus claimed were disallowed by the Commissioner of Internal Revenue, which resulted in a deficiency in plaintiff's taxes for the year 1941 of $1,593.87 and which amount, with interest of $235.83, a total of $1,829.70, was assessed and paid on September 23, 1944. A claim for the refund of the amount was filed June 7, 1945 and, no action having been taken upon the claim within six months of the filing thereof, this action was commenced April 2, 1946, for the recovery of $1,823.25 of the amount paid.

3. On July 9, 1939, a petition for the re-organization of the Monat Valve and Forge Company was filed in this Court (File No. 20649); a trustee was appointed November 18, 1939; a hearing was had before a special master on November 15, 1940; and, on December 6, 1940, the special master, having made his report, recommended an order adjudicating the corporation a bankrupt. The corporation was adjudicated a bankrupt by this Court on January 24, 1941.

4. Prior to the year 1941 the Monat Valve and Forge Company was wholly without means to get into production as a manufacturer on a commercial or paying basis; its debts were in excess of $15,000, whereas its assets amounted to about $5,000; and the last vestige of value in its capital stock owned by the plaintiff disappeared prior to 1941.

5. The amount of $2,295, claimed as a bad debt deduction, consisted principally of advances made by the plaintiff to individuals in connection with patent applications, wage claims, rent, court filing fees, notices, advertising, telephone calls, attorney's fee, advances to an officer and director of the Monat Valve and Forge

1004

Company for unspecified purposes and fees and expenses advanced to the secretary-treasurer of the corporation.

6. The advances were not ordinary and necessary business expenses; they were voluntarily made to the corporation and were gifts or capital contributions.

From the foregoing Findings of Fact the Court concludes as a matter of law:

## Conclusions of Law

1. The Monat Valve and Forge Company was insolvent prior to the year 1941 and its capital stock owned by the plaintiff did not become worthless in the year 1941.

2. The stock of the corporation having become worthless in the prior year, the plaintiff is not entitled to claim it as deductible loss in the year 1941.

3. The plaintiff is not entitled to a deduction in the amount of $2295.00 as a loan which became worthless in the year 1941.

4. The plaintiff is not entitled to either of the claimed deductions under Section 23(k) or Section 23(g) of the Internal Revenue Code.

5. The defendant is entitled to judgment dismissing plaintiff's action with costs.

Dismissed