Robert Lee **KORTE**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15673.

United States Court of Appeals
Ninth Circuit.

Oct. 13, 1958.

Certiorari Denied Jan. 12, 1959.
See 79 S.Ct. 313.

———o———

Small & Werthimer, San Francisco,
Cal., Hayden C. Covington, Brooklyn,
N. Y., for appellant.

Lloyd H. Burke, U. S. Atty., Donald B.
Constine, Richard H. Foster, Asst. U. S.
Attys., San Francisco, Cal., for appellee.

Before FEE and CHAMBERS, Circuit
Judges, and JAMES M. CARTER, District Judge.

JAMES M. CARTER, District Judge.

This appeal presents the sole question as to whether a Selective Service registrant who has been previously convicted of a felony, is entitled to a classification in IV–F and exemption from service.

Korte, the appellant, was previously convicted in 1953 of a violation of the Universal Military Training and Service Act of 1948, hereinafter referred to as the Act, and was sentenced on July 3, 1953, to the custody of the Attorney General for a period of eighteen months. This violation of the Act, constituted a felony, Sec. 12(a) of the Act, [50 U.S. C.A.Appendix, § 462(a)]. He was released on parole on March 24, 1954. His parole expired about February 2, 1955. On September 11, 1953, following his incarceration he was classified in IV–F and remained in such classification during his imprisonment and parole.

Immediately following the termination of his parole, Korte was reclassified I–A by his local board. He filed a claim with the board asserting the classification of a minister, IV–D, based on his membership in a religious group known as Jehovah's Witnesses.

The claim for change of classification was denied and the appellant took his claim before the Appeal Board, continuing to seek classification as a minister. Pending the Appeal Board's action, Korte was ordered to take a physical examination for induction and passed the same. An Army waiver of the appellant's prior conviction of a felony was executed and the appellant was found acceptable for service. Subsequent to the execution of the waiver, the Appeal Board reclassified the appellant I–O, the classification for conscientious objectors.

The local board then offered the appellant three types of civilian work that would contribute to the maintenance of the national health, safety or interest in lieu of service in the armed forces. Korte refused to accept any of the jobs offered. The board then ordered Korte to report for work with the Los Angeles Department of Charities on November 28, 1956. Having failed to report on that date, appellant was indicted, tried and convicted. This appeal followed.

At no time did appellant contend to the local or appeal boards that he should have been classified as IV–F. During the trial, appellant made motions for acquittal at the conclusion of the government's case and again at the close of all the evidence. Both motions were denied.

Two principal questions were raised on this appeal. *First,* whether a person convicted of a felony is ineligible for induction into service under the Act, and hence entitled to a classification of IV–F and exemption from service; and *Second,* whether the appeal board is required to consider classifications in a particular order, that is from the lowest class comprised of those least eligible for service, to the highest class comprised of those who are most eligible for service. At the argument on the appeal, appellant's counsel withdrew from consideration and abandoned this latter contention. Actually it is included in the first point, the contention being that the board overlooked and failed to consider the IV–F classification, one lower in order than the I–O classification given the appellant. No point is raised on appeal as to appellant's claim before the local board to be classified IV–D as a minister. Section 6(m) of the Act, [50 U.S.C.A.Appendix, § 456(m)] reads:

> "No person shall be relieved from training and service under this title * * * by reason of conviction of a criminal offense, except where the offense of which he has been convicted may be punished by death, or by imprisonment for a term exceeding one year."

Section 1622.44 of the Selective Service Regulations, [32 Code of Fed.Reg., Sec. 1622.44], describing Class IV–F, reads:

> "In Class IV–F shall be placed any registrant (a) who is found to be physically or mentally unfit for any service in the armed forces; (b) who, under the procedures and standards prescribed by the Secreta-

ry of Defense, is found to be morally unacceptable for any service in the armed forces; (c) who has been convicted of a criminal offense which may be punished by death or by imprisonment for a term exceeding one year and who is not eligible for classification, into a class available for service; or (d)　\*　\*　\*".

Section 4(a) of the Act, [50 U.S.C.A. Appendix, § 454(a)] provides in part as follows:

"No person shall be inducted into the Armed Forces for training and service or shall be inducted for training in the National Security Training Corps under this title　\*　\*　\* until his acceptability in all respects, including his physical and mental fitness, has been satisfactorily determined under standards prescribed by the Secretary of Defense　\*　\*".

Section 10(c) of the Act, [50 U.S.C.A. Appendix, § 460(c)] provides that the President may "delegate any authority vested in him under this title　\*　\*　\* and to provide for the subdelegation of any such authority."

Section 1628.10 of the Regulations [32 Code of Fed.Reg., Sec. 1628.10] provides:

"Every registrant, before he is ordered to report for induction, or ordered to perform civilian work contributing to the maintenance of the national health, safety, or interest, shall be given an armed forces physical examination under the provisions of this part,　\*　\*　\*".

Pursuant to legislative mandate, Department of the Army, Special Regulations were approved April 10, 1953, SR 615–180–1. Thereunder induction stations were set up to conduct the examinations as to physical, mental and moral standards.

Paragraph 10(d) of Army Regulations, provides, "Information concerning court convictions of registrant and whether he is in custody of the law will be indicated on DD Form 47　\*　\*　\*. If a waiver is granted under (1) or (2) below, a copy of the report of investigation on which

waiver is predicated will be attached to the original copy of the induction record (DD Form 47)."

Paragraph 10d(1) of the Army Regulations reads as follows:

"A registrant who has been convicted by a civil court, or who has a record of adjudication adverse to him by a juvenile court, for any offense punishable by death or imprisonment for a term exceeding 1 year is morally unacceptable for service in the Armed Forces unless such disqualification is waived by the respective department　\*　\*　\*".

Pursuant to these regulations and after the examination provided for, the army may or may not grant a waiver of the conviction of a felony. In this case the waiver was granted.

Appellant contends that Section 6(m) of the Act, [50 U.S.C.A.Appendix, § 456 (m)] is to be interpreted as a *congressional mandate* that all persons convicted of a felony are to be relieved from training and service under the Act.

■ "No man has a constitutional right to be free from a call to military service" but Congress may, in its discretion, provide "complete exemption from service for some people and partial exemption for others," United States v. Palmer, 3 Cir., 1955, 223 F.2d 893, 896.

■ It is well settled that "exemption from military service is a matter of legislative grace and not a matter of right. No one has an inherent or constitutional right of exemption. The registrant must fit himself within the exemptions provided by Congress," United States v. Pomorski, D.C.W.D.Mich.1954, 125 F.Supp. 68, 71. United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; Brooks v. United States, 2 Cir., 1945, 147 F.2d 134, certiorari denied 324 U.S. 878, 65 S.Ct. 1027, 89 L.Ed. 1430.

Turning to the Selective Service Act we find at least two aids to the construction of Sec. 6(m). First, an examination of the Act leaves no doubt that those classes

of citizens entitled to exemption from service have been clearly, precisely and *affirmatively* set forth in the Act in the various subdivisions of Sec. 6. Nowhere in the Act is a class given exemption by way of an *exception*. This indicates that it was the intent of Congress to spell out those classes who were to be exempt by positive *direction* and not by *exception*.

Second, Section 10(b)(7) of the Act, [50 U.S.C.A.Appendix, § 460(b)(7)] authorizes the President to "prescribe eligibility, rules and regulations governing the parole for service in the armed forces, or for any other special service established pursuant to this title" (Sections 451–454 and 455–471 of 50 U.S.C.A. Appendix) "of any person convicted of a violation of any of the provisions of this title."

A conviction of any of the provisions of the Act constitutes a felony. Sec. 12 (a) [50 U.S.C.A.Appendix, § 462(a)]. If section 6(m) is to be construed as a *mandatory* direction to exempt felons from service, then section 10(b)(7) would be in direct conflict with it. On the other hand if section 6(m) is to be construed as being *permissive* then no conflict exists.

▮▮▮ In cases of seeming conflict in the provisions of a statute, the construction which would permit both provisions to stand should be employed, United States v. Moore, 95 U.S. 760, 24 L.Ed. 588. Whenever the words of a statute are ambiguous, or the meaning doubtful, the established rule of construction requires that intention must be deduced from the whole statute and every part of it, Rice v. Minnesota and N. W. R. Co., 1 Black 358, 66 U.S. 358, 17 L.Ed. 147. Further an ambiguous statute calls for resort to every source of interpretative assistance, Santa Monica Mountain Park Co. v. United States, 9 Cir., 99 F.2d 450, affirming D.C., 20 F.Supp. 209, certiorari granted 306 U.S. 624, 50 S.Ct. 583, 83 L.Ed. 1029, certiorari dismissed 306 U.S. 666, 59 S.Ct. 647, 83 L.Ed. 1062.

The intent of Congress with respect to Section 6(m) of the Act is made clear by examining the predecessor statute, the Act of November 13, 1942, 56 Stats. 1018, which reads as follows:

"No individual who has been convicted of any crime which may not be punished by death or by imprisonment for a term exceeding one year shall, by reason solely of such conviction, be relieved from liability for training and service under this Act."

House Report 2574, 77th Congress, 2d Session contains the following remarks by Mr. May of the Committee on Military Affairs:

"The committee wrote into the bill another section by way of amendment. I am sure every Member present knows of the practice and the rule in the War Department for some time that they would not induct into the service a man who had been convicted of a felony. That practice had gone even to the extent of not inducting men who had been convicted of misdemeanors; for instance, a man might be convicted under some provision of the national prohibition law, might be convicted of a breach of the peace, but such court conviction barred him from admission to the service. We have provided that no individual shall be relieved from liability for training and service under this act or held to be not acceptable to the land or naval forces for such training and service on the grounds of his having been convicted of any crime which is not a felony at common law if the local board determines that such individual notwithstanding such conviction is morally fit for service."

In response to a question as to whether it was the intent of the bill to give those persons a chance to fight if qualified, Mr. May stated as follows:

"That is the intent of the committee and I may say that I have been of the opinion that sometimes a fellow who has maybe shot and wounded a man under the heat of passion or in sudden affray, and al-

though convicted, would make a good soldier. (Congressional Record, October 17, 1942, p. 8275)."

The present section, although worded slightly differently, is sufficiently close to the statute of 1942 to make it pertinent to our inquiry.

 We conclude that Section 6(m) of the Act, [50 U.S.C.A.Appendix, § 456 (m)] is not a direction on the part of Congress to exempt from training and service those persons convicted of felonies, but on the contrary is an injunction not to defer from training and service those persons who have been convicted of misdemeanors. Where there has been a conviction of a felony, the exemption is permissible but is not required. The IV–F classification permissible for a registrant is not created for his benefit, it is created for the benefit of the armed forces. The military agencies are entrusted with the task of selecting personnel to defend the United States, and if they believe a registrant would not be suitable because of his prior felony conviction, they are not required to take him. They may, however, waive the disability and in such instance he may be inducted into the armed forces or assigned to work of national importance.

■ We think the meaning of the statute clear, and that Sec. 1622.44 of the Regulations is proper, and not, as contended by appellant, in conflict with Sec. 6(m) and ultra vires.

Appellant argues that since the registrant should have been placed in Class IV–F, there was no basis in fact (Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132) for his classification in I–O. There existed no mandate or direction requiring appellant to be placed in Class IV–F. There is ample basis in fact to sustain the I–O classification.

Our problem has been considered in a cursory manner in three other cases. Doty v. United States, 8 Cir., 1955, 218 F.2d 93, at page 95, rejects a similar contention in one paragraph. United States v. Palmer, 3 Cir., 1955, 223 F.2d 893, at page 895, similarly rejects a like contention. See, United States v. Bouziden, D.C.Okl.1952, 108 F.Supp. 395, at page 397.

The judgment is affirmed.